The judgment appealed from is affirmed, at appellants' cost.

DAWKINS, J., dissents and will hand down reasons. See 86 South. 258.

═══════

(84 South. 503)

No. 22366.

**McCLINTIC–MARSHALL CO. v. O'LEARY.**

(April 5, 1920. Rehearing Denied May 3, 1920.)

*(Syllabus by Editorial Staff.)*

**1. Pleading** ⬅⟞8(7)—**Allegations as to agreement to indemnify held conclusions as to effect of letters.**

In an action between contractors working on the same building on an alleged agreement by defendant to indemnify plaintiff against liability for injuries to defendant's employés, allegations as to defendant's agreement to hold plaintiff harmless *held* mere conclusions of the pleader as to the effect of letters between the parties.

**2. Master and servant** ⬅⟞389—**Negligent third party, settling with employé, acquires no right by subrogation against employer.**

As the Employers' Liability Act subrogates the employer to any rights the employé has against the person whose negligence causes an injury, such third person's claimed right of subrogation to the rights of the employé with whom it settled could not benefit it in a suit against the employer on an alleged agreement of indemnity.

**3. Indemnity** ⬅⟞3 — **Correspondence between contractors held to create no contract.**

Where plaintiff, doing the structural steel work on a building, wrote defendant, who was doing the stone and brick work, that it would not assume responsibility for injuries to defendant's workmen, that it was impossible to absolutely prevent injury, and that, if defendant desired to have his men at points where plaintiff's work was being carried on, he would have to assume entire responsibility, and defendant replied that his men were covered by his policies, whether hurt by plaintiff's work or defendant's own work, there was no meeting of the minds, as required by Civ. Code, arts. 1797, 1798, and no contract of indemnity, as defendant did not represent that his policies would protect plaintiff and plaintiff was bound to know that they would not.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by the McClintic-Marshall Company against John P. O'Leary. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Richard B. Montgomery and Lemle & Lemle, all of New Orleans, for appellant.

T. Semmes Walmsley and P. M. Milner, both of New Orleans, for appellee.

DAWKINS, J.    John Ibos, an employé of defendant, sued the plaintiff, McClintic-Marshall Company, in the United States District Court, under article 2315 of the Code, for personal injuries alleged to have been received through its fault and negligence. The latter called the present defendant, John P. O'Leary, in warranty on an alleged agreement of indemnity. O'Leary filed an exception of no cause of action, which was sustained by the District Court, and defendant's demands against the warrantor were dismissed. On appeal to the federal Circuit Court of Appeals, the judgment of the lower court was amended by adding the words "without prejudice" to the dismissal of the warrantor. Thereafter the McClintic-Marshall Company compromised the suit of Ibos for $8,000, and the present suit is for the

recovery of this sum under the alleged agreement of indemnity with O'Leary.

Defendant herein pleaded the judgment of the federal court as res judicata, and, in the alternative, that plaintiff's petition disclosed no cause or right of action. The former was overruled and the latter was sustained by the court below, and McClintic-Marshall Company prosecutes this appeal.

Defendant neither appealed, nor answered the appeal of plaintiff; hence the plea of res judicata is not before us for review.

*Exception of No Cause or Right of Action.*—The petition incorporates at length the allegations of Ibos' suit against plaintiff in the federal court, and, as the basis of recovery against O'Leary, there are attached and made part thereof the following letters, which passed between plaintiff and defendant prior to the occurrence in which Ibos was injured, to wit:

"New Orleans, La., 4/30/15.

"Jefferson Construction Company, New Orleans, La.—Gentlemen: We wish to call your attention to the fact that we will not assume responsibility for accidents or injuries to your workmen when working at points under our work, nor when your men are working among our workmen. The nature of our work is such that it is impossible to take sufficient precaution to absolutely prevent any injury to other workmen. If you desire to have your men at these points where structural steel erection is being carried on, you will have to assume the entire responsibility for injuries to them.

"Yours very truly,
  "McClintic-Marshall Company,
    "A. G. Hufford, Foreman."

Defendant's reply was as follows:

"New Orleans, La., May 1, 1915.

"Mr. A. G. Hufford, Foreman, McClintic-Marshall Co., New Orleans, La.—Dear Sir: Beg to own receipt of yours of the 30th, with reference to responsibility for accidents or injuries to our men, and in reply beg to say that all of our men are covered by our policies, whether hurt by your work or our own.

"Yours very truly,
  "Jefferson Construction Co.,
    "By J. P. O'Leary."

And, in amplification of the alleged liability of O'Leary (sued as the sole proprietor of the Jefferson Construction Company), in virtue of said exchange of letters, the petition further alleges:

"Tenth. That under said letters, copies of which have heretofore been annexed, and further as set forth in said petition of John Ibos, and by reason of the acts of said John P. O'Leary in going ahead with said work after due warning, said John P. O'Leary is justly and truly indebted unto your petitioner for said eight thousand dollars ($8,000.00), which said amount was justly due and owing said Ibos, and which said payment and the accident giving rise to said damages and said damages were fully covered by said letters and by the undertaking of said O'Leary to hold petitioner harmless for any accidents or injuries to said John P. O'Leary's men while working under and about the work of your petitioner, and further by reason of the fact of said John P. O'Leary's taking advantage of said understanding in said letters, and by his going ahead with his work in the manner protested against in said letters, and for his own benefit and advantage.

"Eleventh. That further in said letters petitioner clearly notified John P. O'Leary that it would not go on with its work unless said John P. O'Leary would assume the responsibility of injuries to his men, due to their working under and about the work of the McClintic-Marshall Company, which was to be of short duration; that the reply by the said John P. O'Leary in effect guaranteed to petitioner that it should go on with its work and would be held harmless for any injuries to the employés of the said O'Leary; that, relying on said guaranty of the said O'Leary, petitioner did continue with its said work, which otherwise it would not have done; and that, the said O'Leary having induced and allowed petitioner to go on with his work under the belief that it was amply protected for any injury to any employé of the said O'Leary, said John P. O'Leary is estopped from denying liability to petitioner for injury caused by it to the said John Ibos, growing out of said work, which estoppel is hereby specially pleaded."

[1, 2] These averments, when analyzed, disclose merely the conclusions of the pleader as to the effect of the letters quoted, for it is not alleged that any other act or thing was done to mislead the plaintiff than the

writing of the letter with reference to the insurance and the continuance of the work in the manner that had been complained of. The allegations of Ibos in the federal court, as incorporated in the petition here, are to the effect that he (Ibos) was employed by O'Leary, who was engaged in doing the stone and brick work on a certain building, and that he was injured as the result of the negligence of the McClintic-Marshall Company, who was doing the structural steel work on the same premises. Plaintiff further sets forth that, in its call in warranty in that suit, it notified the "general contractor" (Jefferson Construction Company) that it (McClintic-Marshall Company) would not be responsible for injuries occasioned under the circumstances which are now set up in the present case, and attached to the call were the same letters now alleged as the basis of recovery in this suit. Hence it remains that, whatever may be the allegations, in either case, we are compelled to return to these letters for the ascertainment of the legal rights of the parties. It is true that plaintiff alleges full subrogation to all rights of Ibos against O'Leary, but there is no charge of negligence on the part of the latter; and, even if claim were made under the employers' liability statute (Acts 1914, No. 20), which is not done (this law providing the full measure of Ibos' rights against his employer), since that law, itself, would have subrogated O'Leary, the employer, to any rights which Ibos, the employé, may have had against the present plaintiff for negligence, had compensation been paid under said statute, we cannot see how plaintiff's alleged subrogation from Ibos can benefit it in this case.

[3] The letter from plaintiff to defendant, of date April 30, 1915, consists of three sentences:

First: "We wish to call your attention to the fact that we will not assume responsibility for accidents or injuries to your workmen when working at points under our work, nor when your men are working among our workmen."

This was a declaration that the plaintiff was unwilling to and would not assume the liability which the law might impose upon it to employés of defendant under the circumstances mentioned. Such a declaration, of course, did not and could not relieve it from liability, if the work were continued under the conditions complained of, where injuries were inflicted through its own fault or that of its employés. The best that may be said of it is that plaintiff was unwilling to have defendant's employés continue to work in those circumstances.

Second: "The nature of our work is such that it is impossible to take sufficient precaution to absolutely prevent any injury to other workmen."

That statement was merely an assertion of the hazardous nature of the work being performed.

Third: "If you desire to have your men at these points where structural steel erection is being carried on, you will have to assume the entire responsibility for injuries to them."

Assuming that the nature of the work and the relations of the parties were such that the plaintiff would have had the right to prevent a continuance under the circumstances complained of, the sentence last quoted was a demand that, if defendant wished to continue, he should become solely responsible for such injuries as might occur to his employés, whether through plaintiff's negligence or otherwise, and that plaintiff be protected against the same. But the question is: Did defendant accede to that demand to the extent contended for by plaintiff? There can be little doubt as to the desire and purpose of plaintiff, and, if the defendant had met the demand in plain terms, or in language which was reasonably suscepti-

ble of such intention, there could be no question of plaintiff's right to recover.

· However, the reply was:

"Beg to own receipt of yours of the 30th, with reference to responsibility for accidents or injuries to our men, and in reply beg to say that all of our men are covered by our policies, whether hurt by your work or our own."

Granting that this statement was true, and that defendant and his employés were protected against injuries, whether resulting from acts of the one or the other, this reply did not say, either in exact words or by the use of language from which such a conclusion could reasonably be drawn or implied, that plaintiff would be protected by said policies against its own faults. If nothing were concealed, and no misrepresentations made as to the policies, plaintiff was bound to know that under ordinary circumstances a policy held by defendant and covering his employés would not necessarily and ordinarily protect it, a third person, since defendant's liability was fixed and limited by the employers' liability law, and the duty was upon plaintiff to pursue the inquiry further, and to have seen that the indemnity against liability which it sought of defendant was provided. It is not alleged that the policies as represented by defendant were not held by it.

Plaintiff's predicament results from an erroneous assumption on its part that it would be protected by said policies, which was an error of fact and of law, not misrepresented by defendant, and for which there can be no relief in an action of indemnity, where the party sought to be held has in no wise obligated himself to make good the outlay. There was no meeting of minds to constitute a contract of indemnity, as required by law. ·C. C. arts. 1797, 1798.

For the reasons assigned, the judgment appealed from is affirmed, at the cost of the appellant.