CHASEZ, Judge.
This case involves the propriety of a summary judgment.
The plaintiff, Frank Macaluso was an employee of the Riley Stoker Corporation. Riley Stoker had a contract to construct a boiler unit for a steam electric generating plant, known as the Michoud Electric Generating Plant, for New Orleans Public Service, Inc. The contract provided that Riley Stoker was to furnish all labor, materials, tools, etc. specifically mentioning scaffolding to be used on the project.
*357 Plaintiff alleges that on July 26, 1962, he sustained serious injuries when the scaffolding on which he was working gave way. He received and is receiving Workmen’s Compensation benefits from Riley Stoker Corporation.
Within a year from the date of this accident, plaintiff filed the present suit, in tort, against New Orleans Public Service, Inc., alleging that New Orleans Public Service, Inc. was negligent in that it had permitted Riley Stoker to construct and maintain a defective scaffold.
The contract between Riley Stoker and New Orleans Public Service, Inc. contains the following indemnity clause :
“Except in cases of injuries or damages to persons or property as may be caused by the negligence of the Owner, a Contractor shall save harmless the Owner from all claims and actions of any kind arising from or incidental to the performance of this contract and expenses incidental to such claims and actions and shall assume without expense to the Owner the defense of any such claims or actions.
In the event that any arrangement is made whereby employees of the Owner are used by Contractor, they shall, while engaged on this work, be considered for all purposes as employees, servants and agents of the Contractor and not of the Owner, irrespective of who pays them.
The Contractor shall indemnify the Owner and hold it harmless from and against any and all loss, costs, damage and expense, by reason of any act or omission of any employee, servant or agent of the Contractor, including those, if any, originally employed by the Owner and utilized by the Contractor. The Contractor further agrees to defend, at the Contractor’s own expense, any suit or suits that may be brought against the Owner, by reason of any act or omission of any employee, servant or agent of the Contractor including those, if any, originally employed by the Owner and utilized by the Contractor.”
Under the terms of this agreement, if the injury or damage is the result of New Orleans Public Service, Inc.’s negligence, no indemnity is forthcoming, for Riley Stoker Corporation is responsible thereunder only for its own negligence.
Plaintiff’s petition alleges negligence on the part of New Orleans Public Service, Inc.
New Orleans Public Service, Inc. filed a third-party demand against Riley Stoker Corporation, alleging that any damage suffered by plaintiff Macaluso was a result of Riley Stoker’s negligence, and was subject to the indemnity agreement contained in their contract.
Counsel for Riley Stoker Corporation moved for and were granted a summary judgment. New Orleans Public Service, Inc. has appealed this judgment.
Riley Stoker argues that to be liable at all, New Orleans Public Service, Inc. must be found guilty of negligence, and, if guilty of negligence, no indemnity will be due under the indemnity agreement. Riley Stoker argues that if plaintiff proves negligence as alleged, he proves independent negligence on the part of New Orleans Public Service, Inc. for which Riley Stoker is not responsible under the agreement.
We are faced with the question whether Riley Stoker Corporation could be obligated to indemnify New Orleans Public Service, Inc. if it was found to be liable to plaintiff, Frank Macaluso.
Counsel for Riley Stoker argues that for the purposes of the motion, the pleadings are to be accepted as true, and that under those allegations Riley Stoker could not be responsible. He argues further that under any conceivable set of facts Riley Stoker would not be liable.
*358 There has been no trial on the merits; the original claim of plaintiff is not before us; whether or not that claim is meritorious is not directly concerned. Nor is the question of whether it is proper to so permit circumvention of the Workmen’s Compensation laws of the State of Louisiana directly involved.
The allegations of negligence on the part of New Orleans Public Service, Inc. are, in our opinion, inextricable from the activities of Riley Stoker Corporation.
In passing on a motion for summary judgment the Court is not limited to the face of the pleadings. Pleadings may be amended and the provisions of our Code of Procedure are quite liberal in this respect.
As suggested by counsel for New Orleans Public Service, Inc., if New Orleans Public Service, Inc. should be held liable solely because Riley Stoker Corporation was negligent, on a principal-agent theory, then New Orleans Public Service, Inc. would be entitled to indemnity. We know of no prohibition against an agent contracting to be responsible for losses suffered by his principal occasioned by the agent’s activities. Any other view of the matter would render the indemnity agreement completely meaningless. Whether or not the original suit brought by plaintiff is meritorious is not here our concern. But until it develops that New Orleans Public Service, Inc. will not be held liable, or if liable, is liable clearly and unquestionably on independent grounds from the activities of Riley Stoker Corporation, Riley Stoker Corporation is not entitled to be released, under their contractual obligation to New Orleans Public Service, Inc.
For the foregoing reasons it is ordered that the summary judgment of the Court below in favor of Riley Stoker Corporation, Third Party defendant, and against New Orleans Public Service, Inc., Defendant-Third Party Plaintiff, be reversed and the motion for summary judgment filed herein by Riley Stoker Corporation, Third-Party-Defendant be and hereby is denied.
Judgment reversed and motion denied.