187 So.2d 798 (1966)
Janel Trahan HEBERT, Plaintiff-Appellee,
v.
Thomas A. BLANKENSHIP, Jr., and C. R. Atwell, Individually (et al.), Defendants-Third-Party Plaintiffs-Appellants,
v.
BRITISH-AMERICAN OIL PRODUCING COMPANY, Third-Party Defendant-Appellee.
No. 1699.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1966.
Rehearing Denied June 29, 1966.
*799 J. Minos Simon, Phil Trice, John Rixie Mouton and Simon, Trice & Mouton, Lafayette, for original plaintiff, defendant in intervention, Janel Trahan Hebert.
Henry B. Alsobrook, Jr., and Adams & Reese, New Orleans, and Alfred S. Landry and Landry, Watkins, Cousin & Bonin, New Iberia, for original defendants, third-party plaintiffs-appellants. Thomas A. Blankenship, Jr., and C. R. Atwell, and defendant, Argonaut Insurance Companies.
J. J. Davidson, Jr., and Davidson, Meaux, Onebane & Donohoe, Lafayette, for original defendant, defendant in intervention, third-party defendant-appellee, British-American Oil Producing Co. and defendant, Royce G. Nelson.
Patrick T. Caffery and Helm, Simon, Caffery & Duhe, New Iberia, for original defendant, defendant in intervention and third-party defendant, Cardwell Manufacturing Co., Inc.
J. Winston Fontenot and Voorhies, Labbe, Fontenot and Leonard & McGlassen, Lafayette, for original defendant, defendant in intervention, third-party defendant, Tri-State Tool Industries, Inc.
*800 Victor E. Kellner and Pugh & Boudreaux, Lafayette, for intervenor, The Travelers Insurance Company.
Before TATE, SAVOY and HOOD, JJ.
TATE, Judge.
The principal demand of this damage suit is a widow's claim in tort for the death of her husband. He was killed when a drilling rig toppled over on which he was working. The widow sues various parties whose negligence in the manufacture, installation, location, or operation of the rig and derrick allegedly contributed to the accident causing her husband's death.
The present appeal relates only to the dismissal of a third-party demand filed by two individuals who had been sued as tortfeasors by the plaintiff widow. By the present third-party demand these individuals demand contribution or indemnification from the decedent's statutory employer, whose fault allegedly primarily caused or contributed to the accident. In granting summary judgment dismissing the third-party demand, the trial court held that the employer could not be held liable over for tort damages resulting from the death of its injured employee, because by statute its sole liability for the workman's death was in compensation.
The appellants' contentions that the trial court erred may more easily be understood after the factual context is set forth.
1. Facts and parties.
The decedent Hebert was killed while working on a drilling rig operated by his employer ("A. & B. Inc."). The employer was engaged in re-working (re-drilling) a well pursuant to a contract with the owner and operator of the well ("British-American") whereby A. & B. Inc. had agreed to furnishing the drilling rig, labor, and materials used for the work.
The principal demand of the plaintiff, as well as the instant third-party demand, reveal that alleged as a primary or contributory cause of the accident is the negligence or the breach of contractual obligation by British-American, the well owner. Allegedly, it was the duty of British-American to provide a proper foundation and location for A. & B. Inc.'s workover drilling rig. According to the pleadings, because of British-American's failure in this regard the drilling rig toppled over and killed the decedent Hebert, although the negligence of other parties likewise contributed.[1]
Insofar as against the two present defendants-appellants, Blankenship and Atwell, the tort suit by Hebert's widow is based upon their alleged individual negligence in permitting the rig to be put into operation without proper foundation and without proper safety equipment, and in continuing to use the decedent's drilling crew to operate the rig after the danger of its collapse should have become apparent to supervisory personnel because of the dangerous lean of the drilling rig.
These individual defendants, Blankenship and Atwell, were officers and the stock-owners of A. & B. Inc., the decedent Hebert's immediate employer. Blankenship was also a consulting engineer for British-American, the decedent's statutory employer. These individuals were made defendants in this tort suit, for officers or agents of corporate employers may themselves be held individually liable in tort insofar as *801 their own personal negligence contributed to the accident causing injury to an employee of the corporation, Adams v. Fidelity and Casualty Co., La.App. 1 Cir., 107 So.2d 496, even though the exclusive remedy against the corporation itself for the workmen's injuries is in compensation, LSA-R.S. 23:1032.
The thrust of the appellants' contentions is that the primary or principal cause of the accident was British-American's failure to provide an adequate foundation or location for the drilling rig to be erected thereupon and operated by Hebert's immediate employer, A. & B. Inc. The appellants argue that their own merely passive failure to appreciate the seriousness of the danger to the decedent occasioned by this underlying structural fault, while perhaps a basis for their individual liability to the decedent's widow, nevertheless should not bar their own recovery of indemnification or contribution from British-American, whose negligence or contractual breach in failing to provide a safe foundation was the principal cause of the accident.
By their third-party demand, the appellant individuals seek contribution or indemnification from British-American for any damages for which they are cast, upon three alternative grounds to be discussed more fully below. Succinctly, they involve: (a) contribution in tort from British-American as a joint tortfeasor; (b) full indemnity in tort from British-American as the tortfeasor primarily or actively negligent; or (c) full indemnity from British-American on the basis of its breach of a contractual obligation to provide a safe foundation, breach of which caused the drilling rig to collapse.[2]
2. British-American's immunity from contribution in tort.
British-American's claim to immunity from liability for contribution in tort for Hebert's death is founded solely upon LSA-R.S. 23:1032. This statute provides:
"The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.

"Nothing in this Chapter shall affect the liability of the employer to a fine or penalty under any other statute." (Italics ours.)
The statute thus merely provides that the sole remedy of the employee against the employer is for compensation. It does not in terms confer upon an employer immunity from contribution to other tortfeasors held liable in tort for an accident to which the employer's fault contributed. However, the greatly preponderant American jurisprudence has exculpated an employer from contributing on the grounds of joint fault to tort damages for an employee's injuries recovered against a tort-feasor, even though the employer's active fault contributed or may even have been the predominant cause of the accident. Larson, Workman's Compensation Law, Section 76 (1961 text); Annotation, Workman's CompensationContribution, 53 A.L.R.2d 977.
The usual basis for such holding is simple: The employer being himself immune from suit by the employee, there is no solidary (common, joint) liability between him and the defendant tortfeasor so as to entitle the latter to contribution. Larson, 76.21; 53 A.L.R.2d 980 (Section 2b). This, in fact, is the basis of denial of contribution by the only Louisiana state decision directly in point. Sanderson v. Binning Construction Co., La.App., 4 Cir., 172 So.2d *802 721; followed: Yale & Towne Manufacturing Co. v. J. Ray McDermott Co., CA 5, 347 F.2d 371 (1965)
In Louisiana, the sole statutory basis for contribution for mutual fault is provided by LSA-Civil Code Article 2103, which provides that an obligation should be divided between them "When two or more debtors are liable in solido." In Smith v. Southern Farm Bureau Cas. Ins. Co., 247 La. 695, 174 So.2d 122, our Supreme Court held (a) that this statute created independent substantive and procedural rights of solidary obligors to obtain contribution from their solidary co-debtors, 174 So.2d 126; (b) that in absence of specific exception established by law, then under LSA-C.C. Arts. 2315, 2324 persons who caused or assisted each other in the commission of a tort were solidarily liable for the cause of action in tort, 174 So.2d 122; and (c) that they are thus entitled to contribution from each other, even though there was a procedural bar preventing the plaintiff-claimant himself from suing and recovering from one of these solidary obligors (joint tort feasors).
As the appellants suggest, the Smith decision by our Supreme Court could be interpreted as overruling Sanderson in providing an independent basis for requiring contribution from a wrongdoer whose fault contributed to an accident, even though the workmen's compensation act creates a procedural bar preventing recovery from the wrongdoer by the injured person himself. Under this rationale, the decedent's wrongful death created a single cause of action, Marquette Casualty Co. v. Brown, 235 La. 245, 103 So.2d 269, for which all persons jointly negligent are solidarily bound, LSA-C.C. Art. 2324, Smith v. Southern Farm Bureau Casualty Ins. Co., cited above, even though as to some of these wrongdoers the decedent's widow had no right of action because of the provision of the compensation act providing that her (see LSA-R.S. 23:1032 quoted above) sole remedy was in compensation, Atchison v. May, 201 La. 1003, 10 So.2d 795, Hawkins v. Employers Casualty Co., La.App. 3 Cir., 177 So.2d 613.
On the other hand, the compensation act's provision that it should be the employee's exclusive remedy may have thus specifically excepted any cause of tort whatsoever against the statutory employer for which it could be solidarily bound and compelled to contribute. The compensation act thus would supercede or replace, insofar as the employer, any cause in action in tort "on account of" personal injuries to which an employee or his survivors is entitled to Louisiana Workmen's Compensation. See Atchison v. May and Hawkins v. Employers Casualty Co., cited above.
We have concluded that British-American cannot under LSA-C.C. Art. 2013 be compelled to contribute as a joint tortfeasor. We prefer not to rest our opinion upon any legalistic differentiations between a cause and a right of action and thus to add to the conceptualistic smog which surrounds the actual issue at stake: Should a statutory employer be exposed to double liability, in both tort and compensation, when his fault contributes to or is even the predominant cause of the damages?
This is primarily a legislative question.[3] Like the trial court, in the absence of clear legislative direction, we are unwilling to hold that the 1960 legislative *803 amendment of Civil Code Article 2103 to permit contribution between joint tortfeasors, was also intended to expand the previously settled limited-to-compensation liability of employers for work injuries to their employees, which until then had barred contribution from employers for tort damages to which their fault contributed.[4]
3. Recovery on tort-indemnity theory.
Alleging that the predominant fault in the accident was British-American's faultily constructed and unsafe base for the drilling rig, the appellants (who are sought to be held liable chiefly because of their failure to appreciate the hazard so created by British-American) seek indemnification of the entire amount of any recovery against them by Hebert's widow upon the contention that one who is only passively or secondarily at fault is entitled to full indemnity from a party whose active breach of a legal duty is the active or primary cause of the accident causing the damages. See Larson, Section 76.44; Comment, 38 Tul.L.Rev. 536 (cited Footnote 1) at 545-550.
The right to be indemnified by a tortfeasor primarily responsible is to be distinguished from the statutory right to contribution from one mutually at fault. The fountainhead case of the comparable doctrine found in the Louisiana jurisprudence is Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (1922).
As the doctrine exists in Louisiana, the right to indemnity from the person primarily negligent exists only in favor of one who is vicariously liable for the damages caused because of merely technical or constructive fault. Appalachian Corp. v. Brooklyn Cooperage Co., cited above; Stewart v. Roosevelt Hotel, La.App. 4 Cir., 170 So.2d 681; American Employers Insurance Co. v. Gulf States U. Co., La.App. 1 Cir., 4 So.2d 628. See also Williams v. Marionneaux, 240 La. 713, 124 So.2d 919. The right to indemnity does not exist in favor of a joint tortfeasor whose act or failure in the performance of a duty was a contributory cause of the accident, and there is no right to indemnity where the liability of the one seeking it cannot be regarded as secondary, vicarious, or derivative. Lee v. City of Baton Rouge, 243 La. 850, 147 So.2d 868; Second Church of Christ Scientist v. Spencer, 230 La. 432, 88 So.2d 810, discussed at 17 La.L.Rev. 348, 350 (1957); Travelers Insurance Co. v. Hardware Mutual Cas. Co., La.App. 3 Cir., 186 So.2d 185 (rendered April 27, 1966).
The pleadings herein show that the alleged basis of liability of the appellant individuals is their personal fault in failing to discover or to appreciate the hazard to which they exposed the decedent Hebert. Their liability cannot be regarded as merely secondary or derivative. See Second Church of Christ Scientist v. Spencer, cited above. They are therefore not entitled to indemnity from the statutory employer, British-American, even though under the allegations its fault was the primary cause of the accident. See United Gas Corp. v. Guillory, CA 5, 206 F.2d 49, 53 (1953).
4. Recovery on contract-indemnity theory.
Finally, but perhaps most emphatically, the appellants claim full indemnity for any damages for which cast, upon a contention that they are entitled to recover damages caused them by British-American's breach of its contractual obligation to provide a safe and firm base upon which the drilling unit was to be placed and anchored. See LSA-C.C. Art. 2769: "If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he *804 shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
In so arguing, the appellant third-parties rely upon the principle summarized at Larson, Section 76: "* * * But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party-landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care * * *."
The independent obligation of the employer to indemnify may arise from an express contract of indemnity, Larson, Section 76.41, see McClintic-Marshall Co. v. O'Leary, 147 La. 85, 84 So. 503, Macaluso v. New Orleans Public Service, Inc., La.App. 4 Cir., 185 So.2d 356; Buford v. Sewerage & Water Board, La.App., 175 So. 110, or from a separate duty based upon some special legal relationship between the employer and the third party, Larson, Section 76.42, or from a separate implied obligation to use due care and to indemnify upon default in any performance of this implied obligation. Larson, Section 76.43.[5]
The Louisiana state courts have not yet passed upon recovery over upon any such implied indemnity agreement as included within the last characterization, Comment, 38 Tulane L.Rev. 536, 541-545, which is the basis of the recovery sought by appellants herein. However, a federal court applying Louisiana law found that contract-indemnity may be recognized upon a determination that there has been a breach of an express or implied warranty to the third person which proximately caused the injuries for which the third party seeks to be indemnified by the employer. Locicero v. Freeport Nickel Co., E.D.La., 243 F.Supp. 828 (1965).
Nevertheless, as Locicero itself recognizes, to justify such indemnification, there must be an express or implied agreement between the employer and the third person, whereby the employer owes the third person the duty of workman-like service which was breached. See also Halliburton Co. v. Norton Drilling Co., CA 5, 302 F.2d 431, 435 (1962), rehearing denied, 313 F.2d 380 (1963).
In the absence of such a contractual relationship between the employer and the party seeking indemnification, usually no implied obligation to indemnify can be found. In this type of noncontractual situation, the third person seeks indemnification against the employer solely for a liability arising from the injury, not based upon the breach of any contractual duty owed by the employer directly to the third person arising out of a prior contractual relationship between the parties. To allow recovery over under such circumstances, amounts essentially to a delictual-type recovery based upon the injury itself and the surrounding circumstances; and this violates the exclusive-remedy clause of a compensation statute, if interpreted, as Louisiana's is (at least by this decision), so as to bar recovery from an employer for an employee's tort-caused injuries where contribution is sought solely because the employer's fault contributed to the accident. Larson, Section 76.10C. (1965 cumulative supplement); A. O. Smith Corp. v. Associated Sales & Bag Co., 16 Wis.2d 145, 113 N.W. 2d 562 (1962); City of Abilene v. Jones, Tex.Civ.App., 355 S.W.2d 597 (1962).
*805 As we read the present pleadings, no contractual relationship between British-American and the present individual appellants is alleged. British-American and A. & B. Inc. were the contracting parties, with the present individuals Blankenship and Atwell being officers and agents of A. & B. Inc., with Blankenship also acting as a consulting engineer for British-American.
The plaintiff widow sues these appellants, Blankenship and Atwell, for their individual fault in performing duties for A. & B. Inc. and British-American, the decedent's employers; against these latter, the plaintiff's exclusive remedy by statute is for workmen's compensation benefits. The appellants implead British-American for recovery over for damages for which cast, grounding this claim for indemnity upon British-American's alleged breach of its contractual duty to provide a safe base for the drilling operations.
However, this contractual duty was not by contract owed to or enforceable by these individual appellants. To hold that nevertheless British-American is obligated because of it to indemnify them for the injuries to British-American's statutory employee for which the appellants may be liable in tort, is to hold British-American liable for damages to the workman occasioned by its breach of a general or tort duty owed to all, rather than by virtue of the breach of any special or contractual duty owed to the appellants. If recovery over by appellants were permitted upon any implied obligation of British-American to indemnify them arising from such general duty, in our opinion British-American would be held liable for tort damages to its employee despite its exemption from any such liability by the exclusive-remedy clause of the Louisiana workmen's compensation statute.
The trial court correctly held that British-American cannot be cast indirectly for such tort damages by virtue of any such implied obligation to indemnify arising from a general duty, any more than it could be held liable directly for such damages through a direct suit by the employee's widow against if for the violation of the same general duty.
Decree.
For the above reasons, since under the pleadings and the uncontradicted affidavits there can be no recovery against British-American by the appellants upon their third-party demand, we affirm at their cost the trial court judgment dismissing it.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] The plaintiff widow originally impleaded British-American as defendant in this tort suit. By now-final summary judgment, the plaintiff's claim in tort against British-American was dismissed from the action. The widow's exclusive remedy against British-American was held to be in workmen's compensation, LSA-R.S. 23:1032, since British-American was a statutory employer of Hebert, being a principal who had contracted out part of its trade, business, or occupation to Hebert's immediate employer, A. & B. Inc. LSA-R.S. 23:1061; Thibodaux v. Sun Oil Co., 218 La. 543, 49 So.2d 852; Best v. J & B Drilling Co., La.App., 3 Cir., 152 So.2d 119, cert. denied.
[2] The complex issues of this litigation were anticipated and are comprehensively and perceptively discussed in the excellent Comment, The Rights of a Third Party to Contribution or Indemnity from a Louisiana Workmen's Compensation Employer, 38 Tul.L.Rev. 536 (1964).
[3] See Auld v. Globe Indemnity Co., 220 F. Supp. 96, 100-101 (W.D.La., 1963) and Larson, Workmen's Compensation Law, Section 76.53. See also Larson, Section 76.52, which points out that the question in adjusting rights fairly between the third party and the negligent employer is: "* * * did the compensation acts, in conferring immunity on the employer from common-law suits, mean to do so only at the expense of the injured employee, or also at the expense of outsiders? One answer is that the injured employee got Quid pro quo, in receiving assured compensation payments as a substitute for tort recoveries, while the third party has received absolutely nothing, and hence should not be impliedly held to have given up rights which he had before. * * *"
[4] The employer's immunity for liability for this contributory fault even prevented the employer's own independent contributory negligence from barring his right to reimbursement from a tortfeasor of compensation paid to the injured employee. See City of Shreveport v. Southwestern Gas & Elec. Co., 145 La. 680, 82 So. 785; Andrus v. Security Ins. Company, La. App. 3 Cir., 161 So.2d 113.
[5] The latter indemnity theory is the so-called "Ryan Doctrine", based essentially upon the developments in the jurisprudence following Ryan Stevedoring Co. v. Pan-Atlantic SS Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); see Comment, The Ryan Doctrine: Present status and future development, 37 Tulane L.Rev. 786 (1963).