BOUTALL, Judge
(concurring in part).
An injured workman has filed a personal injury suit against certain executive officers of his corporate employer, together with the manufacturer and supplier of a piece of equipment alleged to have caused his injuries, and with a repairman who made repairs to the equipment immediately before the accident. The repairman, Charles DeRouen, was apparently not served nor cited by original plaintiff. The executive officers have filed a third party demand against the repairman, DeRouen, to which petition DeRouen has filed exceptions of no cause of action. The exceptions were maintained and the third party petition was dismissed. The majority opinion finds that the trial court erred in dismissing the third party demand and I concur in that finding of error. However the majority opinion would affirm the dismissal of the claim for indemnity in the third party petition, and I disagree with that affirmation.
The exception of no cause of action was based upon two propositions: 1) That De Rouen had never had any contractual relationship with the third party plaintiff and accordingly was under no obligation to them; and 2) Degelos Grain Corporation, the employer, was not made a party defendant in the original petition and therefore could have no right or cause of action against DeRouen emanating from the suit. The majority opinion herein would refer to the original petition which alleged that the corporate officials were guilty of active negligence in knowingly providing plaintiff with machinery that was unsafe and defective, and upon those facts, coupled with the statement of law as announced in the case of Canter v. Koehring Company, 283 So.2d 716 (La.Sup.Ct.1973) that appellants as executive officers can only be held liable for being personally at fault and negligently performing the duties they owe to the injured plaintiff, they thus find a situation in which either third party plaintiffs could not be held liable, or if held liable, could not demand indemnity. This leaves the third party plaintiffs in the position of being defendants and exposed to whatever liability may occur as a result of the original petition, and at the same time, not being able to seek indemnity against the third party defendant.
If we had before us a set of facts to fit the legal principles involved, I would agree with this position. Such a set of facts, for example, were in existence in Hebert v. Blankenship, 187 So.2d 798 (La.App.3rd Cir. 1966) on a motion for summary judgment in which there was no dispute as to the facts, and in which the third party defendant was the employer not subject to tort liability. In the case at bar it is apparent that there is a serious dispute as to the facts, not only between original plaintiff and third party plaintiff, but also as to the other defendants as well. However, the exception of no cause of action is not governed by the allegations in the other pleadings in the record, but only by the allegations of the third party petition against which it is directed. I call attention to the allegations of paragraph “11a” of the third party demand in addition to those allegations quoted by the majority as follows:
“Under the circumstances of this case, any liability incurred by Degelos Brothers would be passive, constructive, vicar- *924 ions, and secondary, and any liability of Charles DeRouen, d/b/a DeRouen Electric Company and/or DeRouen Electrical Company, Inc., would be active, and primary, and thus third party petitioners are entitled to judgment of indemnity in full against Charles De Rouen d/b/a DeRouen Electrical Company and/or DeRouen Electrical Company, Inc. in the event that third party petitioners should be held liable in this case.”
Third party demands are permitted by Code of Civil Procedure Article 1031, and Article 1111 permits the defendant to bring in any person who is or may be liable to him for all or part of the principal demand. Although the majority opinion would say that the third party defendant may be liable for part of the principal demand, it would also say that the third party defendant is not or may not be liable for all of the principal demand. The Supreme Court has succinctly restated a number of principles applying to the exception of no cause of action in the case of Hero Lands Company et al v. Texaco, Inc., No. 55133 of the docket of the Supreme Court, 1975 (310 So.2d 93). Reference to those principles convinces me that this case should be remanded for trial on the entire legal relationship between third party plaintiff and third party defendant, and not merely on a portion thereof.
While I am of the opinion that the demand of indemnity should not he dismissed, at the same time I concede that there is a severe problem with the question of whether third party plaintiff's allegations are well pleaded. Primarily, it is to be noted that the allegations appear to refer to the named corporate officials and ‘‘Degelos Brothers” or “Degelos Brothers Grain Corporation” as one and the same.[1] Obviously they are not, and certain of the allegations and the final prayer in these pleadings are incorrect. As it now stands, there is no fact pleading which sets out the relationship of the corporate officers and De Rouen. For this reason, I cannot say that the second basis of the exception is unfounded. This can obviously be corrected by amendment and the appellant should be afforded an opportunity to amend. C.C.P. Art. 934.

. Xoto tlu* use of "Desoíos Brothers” in the quoted allegation. Although the pleadings are brought by the named corporate officers. the prayer prays for judgment in the name of “Degelos Brothers Crain Corporation”.