LOBRANO, Judge.
On March 4,1985, Marshall C. Moorhead, on behalf of his minor daughter, Helen, filed suit against Elton C. Waelde, in his capacity as administrator of his minor son, Paul, and against Elton’s home owner insurer, State Farm. The basis of the claim was the alleged sexual abuse of Helen by Paul.[1]
In response thereto, Elton, as administrator for Paul, Paul, individually, and his mother Joan, filed an answer and reconven-tional demand, and third party demand against Mary Moorhead, the mother of Helen. They allege that Mary sexually abused Paul for approximately 18 months while he was a minor. The third party demand also named Mary’s employer, the YMCA, as a defendant under the doctrine of “responde-at superior”.
A subsequent third party demand was filed by Elton, as administrator, and State Farm against the YMCA and Mary seeking indemnity and/or contribution.
The plaintiff amended its petition naming Elton, individually. In response, Elton, individually third partied the YMCA and Mary on the same grounds as his previous third party demand filed as administrator.
Faced with various exceptions of prescription and no cause of action, the trial judge dismissed the reconventional demand of Paul, Joan and Elton on prescription; he also dismissed the third party demands against the YMCA and Mary on prescription, and in so doing, dismissed the no cause of action exception of the YMCA and Mary as being moot; finally, he upheld the no right of action exception as to Elton, in his capacity as administrator.
Elton Waelde and State Farm appeal.
*389 We have sifted through this procedural maze and determine that the only issues before the Court are: (1) whether the exceptions of prescription filed on behalf of Mary Moorhead and YMCA to third party demands of Elton and State Farm were properly maintained; and if not, (2) did the trial court err in failing to consider the exceptions of no cause of action filed by Mary Moorhead and the YMCA to the various third party demands.
At the outset, we point out that Paul became a major on December 30, 1984. Therefore he was competent to sue and be sued on his own behalf at the time this litigation began on March 4,1985. We also point out that neither Paul nor his mother, Joan have appealed any of the lower court’s actions, and therefore as to those parties the judgment is final. Even though Elton and State Farm argue various issues in their brief relating to the reconventional demand of Paul, we do not consider those since the judgment as to Paul is final.
The trial court held that prescription barred any third party claim by Elton and State Farm against the YMCA and Mary. The record is clear that the last sexual activity between Paul and Mary occurred in November of 1983. The principal demand in this suit was filed March 4,1985, and the third party claims filed in March and June of 1985. Clearly more than one year has passed since the last activity occurred upon which they (appellants) seek damages from Mary and the YMCA. However, they argue that their claim is not for tort damages but for indemnity and/or contribution. In such a case prescription does not begin to run until the party seeking indemnification is cast in judgment. We agree with that legal principle. McKneely v. Don Coleman Const. Co., Inc., 441 So.2d 497 (La.App. 2nd Cir.1983); Blue Streak Enterprises v. Gulf Coast Marine, 370 So.2d 633 (La.App. 4th Cir.1979). However, we must determine if the third party claims do in fact state an action for indemnification and/or contribution. This was not considered by the trial court since the claims were dismissed on a prescriptive basis.
Appellants contention is that, if they are responsible for any damages to Helen as a result of Paul’s misconduct, then they are entitled to indemnity or contribution because Mary’s affair with Paul was the sole proximate cause of the tort committed by Paul, or, at least a joint proximate cause.
Contribution among joint tort feasors is authorized by Civil Code Article 1805, which provides:
“A party sued on an obligation that would be solidary if it exists may seek to enforce contribution against any solidary co-obligor by making him a third party defendant according to the rules of procedure, whether or not that third party has been initially sued, and whether the party seeking to enforce contribution admits or denies liability on the obligation alleged by plaintiff.”
Indemnity in Louisiana shifts the entire loss from a tort feasor only technically or passively at fault to one primarily or actively responsible. In Hebert v. Blankenship, 187 So.2d 798 (La.App. 3rd Cir.1966) the Court stated:
“As the doctrine exists in Louisiana, the right to indemnity from the person primarily negligent exists only in favor of one who is vicariously liable for the damages caused because of merely technical or constructive fault. Id. at 80S.
The plaintiff in this case seeks damages because of the alleged sexual abuse of Helen by Paul. Elton is a defendant because he is responsible for the acts his son committed while he was a minor. La.C.C. Art. 2318. State Farm is a defendant as the home owner insurer of Elton. Their claim for contribution and/or indemnity alleges that Mary’s sexual conduct with Paul was, at least, a contributing cause of Paul’s actions toward Helen.
The plea of no cause of action must be decided on the face of the pleadings. We conclude that the third party demands do not state a cause of action for indemnity. There is no allegation, nor could there be, that Paul (and hence Elton and State Farm) is only vicariously liable or *390 passively at fault, and that Mary and the YMCA are the active tort feasors. Considering the basic allegations made by plaintiff in her original demand against Paul, any third party allegations claiming Paul was passively at fault would be ludicrous.
However, we do find that a cause of action for contribution is stated. The allegation that Mary’s actions, and/or the YMCA’s “negligent hiring” and “supervision failure” contributed to the ultimate tort seeks to hold them as joint tortfeasors with Paul. We do not imply that these allegations can or cannot be proven, but only that they are sufficient to state a cause of action.
For the reasons stated, we reverse the trial court and hold that the third party demands of Elton Waelde and State Farm do not state a cause of action for indemnification, but do state a cause of action for contribution, and that that cause of action has not prescribed.
REVERSED AND REMANDED.
APPENDIX
MARSHALL C. MOORHEAD, ET AL
VERSUS
ELTON C. WAELDE, ET AL
NUMBER 85-3610
CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA
DIVISION "K”
ANSWER TO AMENDED PETITION AND THIRD PARTY DEMAND
NOW INTO COURT, through undersigned counsel, come Elton C. Waelde, individually and as administrator of his minor child, Paul Waelde and State Farm Fire and Casualty Company, defendants herein, who in answer to the Amended Petition of plaintiffs, do aver as follows:
1.
Denied as written for lack of sufficient information to justify a belief, except to aver that if a relevant policy of insurance was afforded herein, then said policy is the best evidence of its contents and is plead herein as though copied herein in extenso; defendants specifically deny any and all allegations which tend to contravene, contradict, or enlarge upon the terms, conditions, exclusions, or limitations of said policy.
2.
Denied as written for lack of sufficient information to justify a belief.
3.
And now, for further answer, defendants herein reaver and reallege all the allegations previously set forth in the original Answer and Third Party Demand, as though said allegations were copied herein in extenso.
WHEREFORE, defendant prays that this Answer be deemed good and sufficient and after all legal delays and due proceedings had there be judgment rendered in favor of defendant, dismissing plaintiffs claim at his cost, and for all general and equitable relief.
THIRD PARTY DEMAND
And now, assuming the position of third party plaintiffs, Elton C. Waelde, individually and as administrator of the estate of his minor child, Paul Waelds, and State Farm Fire and Casualty Company, do respectfully aver:
1.
Made third party defendants herein are Mary Moorhead, a person of the full age of majority and a resident of the State of Louisiana and the YMCA of New Orleans, a corporation authorized to do and doing business in the State of Louisiana.
2.
On information and belief, it is averred that Mary Moorhead committed sexual assault and/or engaged in sexual activities with Paul Waelde, including but not limited *391 to carnal knowledge of a juvenile and/or indecent behavior with a juvenile and/or aggravated crimes against nature over a period of one or more years and at a time when Paul Waelde was quite young and impressionable, such that her activities interfered with and retarded the normal sexual and emotional growth and maturity of Paul Waelde.
3.
That on information and belief, the actions of Mary Moorhead negatively affected Paul Waelde’s attitude toward sexual activity and his ability to appreciate appropriate sexual conduct for a person of his age, all of which contributed to the actions of Paul Waelde made the basis of the principal demand herein.
4.
Further, it is averred that in the summer of 1982, Paul Waelde began working at the YMCA located in New Orleans East at 13401 North Lemans, the YMCA’s central office being located at 936 St. Charles Avenue, New Orleans, Louisiana.
5.
In the summer of 1982, when Paul Waelde began working at the YMCA, Mary Moorhead was employed as office supervisor by the YMCA.
6.
That the first occasion on which Mary Moorhead committed an act of indecent behavior and/or had carnal knowledge of Paul Waelde was on the premises of the YMCA in New Orleans East at a time when she was in the course and scope of her employment as office manager of that facility and at the same time that she was supervisor of Paul Waelde, then as employee of the same New Orleans East YMCA.
7.
During the course of the following year, Mary Moorhead, during the course and scope of her employment with the YMCA, continued to commit sexual crimes against the minor Paul Waelde on the premises of the New Orleans East YMCA.
8.
The YMCA is liable herein, as a third party defendant, for the tortious actions of its employee, Mary Moorhead, under the doctrine of respondeat superior.
9.
The YMCA, as a third party defendant herein, is liable independently of its relationship as employer of Mary Moorhead because its employment screening process was deficient and allowed a person of improper moral character to be employed at a facility frequented by a large number of young children and juveniles.
10.
Further, the YMCA is liability independently of its relationship as employer of Mary Moorhead because it failed to discover that its employee, Mary Moorhead, was engaging in frequent sexual contacts with the minor Paul Waelde.
11.
Further, the YMCA is liable for its failure to adequately supervise and/or control the activities of its adult employees while in the course and scope of their employment.
12.
That this Third Party Demand is alleged in the alternative and only in the event that third party plaintiffs are case in judgment or otherwise make payment by way of settlement, in which event third party plaintiffs seek indemnity, reimbursement, and/or contribution from the named third party defendants herein, separately, concurrently, and/or solidarity.
WHEREFORE, third party plaintiffs pray that this Third Party Demand be deemed good and sufficient, that the third party defendants herein be duty cited to appear and answer same, and that in the event third party plaintiffs, Elton C. Waelde, individually and as administrator of the estate of his minor child, Paul Waelde, and State Farm Fire and Casualty Company, are cast in judgment unto plaintiffs in the principal demand or voluntarily make payment by way of settlement, that third party plaintiffs be indemnified by *392 third party defendants, Mary Moorhead and/or the YMCA for any and all sums of money paid to the plaintiffs in the original demand, and for all general and equitable relief.
/s/ E. Ross Buckley, Jr. E. ROSS BUCKLEY, JR.
BLUE, WILLIAMS AND BUCKLEY
3501 North Causeway Blvd.
Suite 1000
Metairie, LA 70002
Telephone: (504) 831-4091

. It is noted that Paul Waelde was in fact a major at the time this suit was filed.