FRUGÉ, Judge.
This is a damage suit brought by Joseph Sebastian Frederick against J. E. Hixson & Sons, Dixie Vault Works and their liability insurers for injuries sustained by plaintiff while conducting a burial service at Roberts Cove Cemetery near Crowley, Louisiana, on January 12, 1961.
Plaintiff is a Pentecostal minister. On January 12, 1961, he was performing a funeral service at the request of the family of Amos Chaisson, deceased. After conducting services at a church near Sulphur, Louisiana, plaintiff rode to the cemetery with James Shivers, defendant Hixson’s manager in Sulphur. After arriving at the cemetery, the funeral party proceeded to the grave site. It had been raining for several hours and the ground was wet and boggy. The grave site had been prepared by employees of defendant Dixie Vault Works at the request of defendant Hixson. A tent covered the area immediately surrounding the grave site and imitation grass mats had been placed over that entire area. South of the open grave were two small children’s graves which were covered by concrete slabs six to eight inches above the ground with headstones which were an additional two or three inchs higher than the slabs. As the plaintiff was preparing to conduct the burial service, he slipped *601 and fell on the slabs covering the children’s graves and sustained injuries.
The district court rendered a judgment in favor of plaintiff against all defendants in solido. From this judgment all defendants appeal. In his answer to the appeal, plaintiff prays for increased damages.
Defendants take the position that the district court erred in finding that the plaintiff actually slipped on the children’s graves. Defendants further contend that even if plaintiff slipped on the children’s graves, there was no negligence on their part which was the proximate cause of the injury.
The trial judge found as a fact that the plaintiff slipped on the children’s graves and such was the cause of his injury. There was a great deal of testimony concerning the circumstances surrounding the accident. From a reading of this testimony we cannot say that the trial judge was manifestly erroneous in finding that the plaintiff’s injuries resulted from his slipping on the children’s graves.
 Negligence of Dixie Vault Works. The record shows that the Dixie Vault Works, at the request of Hixson, installed the vault and placed the tent, grass mats, and chairs around the grave site for the burial service. It placed the imitation grass mats over the children’s graves. There was testimony indicating that it is not customary to cover graves with mats without some marking of the covered graves. Although there is some evidence showing that the imitation grass mats were tucked around the graves in such a manner as would warn those in the area of the presence of the graves, we cannot say that the trial judge was manifestly erroneous in concluding that this particular hazard was not obvious to anyone exercising ordinary care under the circumstances. Defendant Dixie Vault Works was negligent in covering the children’s graves with the imitation grass mats. Such negligence was a proximate cause of the injuries sustained by the plaintiff when he slipped and fell on these graves.
 Negligence of Hixson. The record shows that Hixson had full responsibility for the conduct of the funeral and burial. It owned the tent, mats and chairs which were used to set up the grave site for the burial service. The duty owed to plaintiff by Hixson was that owed by a proprietor of any other business establishment to his business guests. That duty is to exercise reasonable care toward the business guest and this includes the “prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous and correction thereof or a warning to the invitee of the danger.” Hartford Fire Ins. Co. v. Illinois Central Railroad, La.App., 140 So.2d 921, 926. In the present case this duty would be to provide reasonably safe conditions for those attending the burial service or at least to warn of reasonably discoverable dangerous conditions. The covered graves were reasonably discoverable to Hixson. However, Hixson did not even give 'a warning that the graves were under the mats. It should have taken the proper steps to see that the grave site was reasonably safe or at least warned those attending the burial service of the hazard. There' was no manifest error in the trial judge’s finding that defendant Hixson was negligent.
Quantum. The district court rendered a judgment in favor of plaintiff in the amount of $12,894.75. This represented $10,000 for pain, suffering, mental anguish and permanent disability; $2,000 for loss of wages; and $894.75 for medical and hospital expenses.
In the recent case of Gaspard v. Lemaire, La., 158 So.2d 149, the Louisiana Supreme Court stated that “the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under consideration.” It further stated that “[t]he primary question before the appellate court, then, is whether the judge or the jury in fixing the amount of the award has abused this great discretion vested in them by law.” In the present case, *602 ■we find no abuse of discretion on the part ■of the trial judge in his award.
For the foregoing reasons, the judgment ■of the district court is affirmed. Defendants are assessed costs of this appeal.
Affirmed.