170 So.2d 681 (1965)
Donald H. STEWART
v.
ROOSEVELT HOTEL, INC.
No. 1652.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1965.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Ashton R. Hardy, New Orleans, for plaintiff-appellant.
Porteous & Johnson, C. Gordon Johnson, Jr., New Orleans, for defendant-appellee.
Before McBRIDE, REGAN and BARNETTE, JJ.
REGAN, Judge.
The plaintiff, Donald H. Stewart, instituted this suit against the defendant, the *682 New Orleans Roosevelt Corporation,[1] endeavoring to recover the sum of $4,559.00, representing damages for personal injuries incurred by him as a guest of the defendant's hotel when another guest, Thurman L. Pitts, kicked him in the back, causing him to be propelled into the door of an elevator of which they were both occupants.
The defendant answered and denied the foregoing allegations, and in the alternative pleaded the contributory negligence of the plaintiff.
In addition to the foregoing answer, the defendant filed a third party petition against Thurman L. Pitts and his personal liability insurer, Federal Insurance Company, insisting that they should be held liable in damages to the defendant in the event that it be cast in judgment.
In the alternative defendant asserted that the plaintiff's injuries were caused by the active negligence of Pitts, while any negligence on its part was purely technical or constructive.
Further in the alternative, it related that in the event the defendant is found not to be entitled to full indemnification from third party defendants, then it is entitled to contribution from third party defendants as joint tortfeasors.
In response to the third party petition, Federal Insurance Company pleaded the exceptions of prescription and no right or cause of action. The latter exception was predicated upon a release signed by the plaintiff in favor of the Federal Insurance Company and Thurman L. Pitts.[2]
The lower court rendered judgment dismissing the exception of prescription, but it sustained the exception of no right or cause of action and dismissed the Federal Insurance Company from the suit.
From the foregoing judgment, New Orleans Roosevelt Corporation, defendant and third party plaintiff herein, has prosecuted this appeal.
The petition reveals that the third party defendant, Thurman L. Pitts, had kicked and inflicted personal injuries upon the plaintiff in the elevator of the Roosevelt Hotel, which is located in the City of New Orleans. It further reveals that on the night of the incident, the defendant's employees knew for some time that Pitts had manifested a quarrelsome and disorderly mood. In any event, after receiving the sum of $300.00, the plaintiff executed a release in favor of Pitts and the Federal Insurance Company, reserving his right to recover additional damages from the defendant herein.
It is conceded by the defendant that in conformity with the rationale emanating from the Case of Harvey v. Travelers Insurance Company,[3] it is not entitled to contribution from the third party defendants on the theory that they are joint tortfeasors. Therefore, the only question posed for our consideration is whether the release with reservation given to the third party defendants by the plaintiff precludes the defendant, that is the New Orleans Roosevelt Corporation, from proceeding against the third party defendants for indemnification.
The petition reveals that if the defendant was at fault herein,[4] it was only so through the inaction of its employees in omitting to restrain defendant during the course of his aggressive actions. On the other hand, Pitts was actively at fault when he intentionally kicked the plaintiff in the back. Under such circumstances, judges have reasoned that the individual guilty of *683 actual fault in causing an injury is liable to fully indemnify the party passively or constructively at fault for any damages incurred as a result of the injury.
In Appalachian Corporation v. Brooklyn Cooperage Company,[5] the plaintiff purchased a building from the defendant, and shortly thereafter a night watchman was injured when a door fell on him. The defendant was still in control of the building, and its employees were responsible for the condition of the door. After the watchman obtained a judgment against the plaintiff for the injuries sustained by him, the plaintiff in turn filed suit against the defendant for indemnification. In reversing the lower court's judgment maintaining the defendant's exception of no cause of action, the Supreme Court of this state rationalized as follows:
"It is undoubtedly the general rule of law and jurisprudence that where two or more parties, acting in concert, or are legally held to have acted in concert, commit a wrongful act from which damages result to a third party, the party who is compelled to respond and to pay for the injury can have no action for indemnity against the other party or parties to the wrongful act. The rule has its foundation in public policy, that no one can allege his own turpitude or claim an advantage for his own wrong. The courts in such a case will leave the parties in the position in which they have placed themselves, and will not undertake to adjust equities between them, nor to inquire into the comparative or relative culpability as between them. Every rule, however, has its exception, and where, as in this case, the actual fault of the proximate cause of injury is attributable to one of the parties and the other is only technically or constructively at fault, from failure or omission to perform some legal duty, the general rule will not apply, and indemnity may be had against the one primarily responsible for the act which caused the damage.

* * * * * *

"Our conclusion is that the allegations of the plaintiff's petition showing that the fault which caused the damage which the plaintiff has had to pay was due primarily and proximately to the negligence of the employees of the defendant acting within the scope of their employment, and that plaintiff was only technically and constructively at fault, a cause of action is fully disclosed against the defendant and the exception to the contrary should have been overruled." (Emphasis ours.)
In this case, we must assume for the purposes of deciding the third party defendant's exception of no cause of action that the allegations contained in the pleadings are true; therefore, any fault on the part of the New Orleans Roosevelt Corporation is purely constructive or passive, while that of the third party defendant was clearly the primary and proximate cause of the plaintiff's injuries.
Under these facts, we are of the opinion that the New Orleans Roosevelt Corporation is entitled to full indemnification for any sum which it may have to expend as a result of being cast in judgment in consequence of the plaintiff's injuries.
For the foregoing reasons, the judgment of the lower court dismissing the defendant's third party petition is hereby reversed, and the case is remanded to the District Court for a trial on the merits.
The costs of this appeal are to be paid by the third party defendants. All other costs are to await the final disposition hereof.
Reversed and remanded.
NOTES
[1] The plaintiff filed suit against "Roosevelt Hotel, Inc.," while the correct name of the defendant corporation is "New Orleans Roosevelt Corporation". Throughout the opinion the correct name of the defendant will be used.
[2] This release was offered in evidence by stipulation.
[3] 163 So.2d 915 (La.App. 3 Cir. 1964).
[4] This question, of course, must be decided by a trial on the merits.
[5] 151 La. 41, 91 So. 539 (1922).