Salvador C. **LOCICERO**

v.

**FREEPORT NICKEL COMPANY** and
**Liberty Mutual Insurance Company**

v.

**C. F. BRAUN & CO.,** General Electric Co.
and Electric Mutual Liability In-
surance Company.

**Civ. A. No. 9855–B.**

United States District Court
E. D. Louisiana,
New Orleans Division.

June 27, 1965.

John Pat Little, James M. Colomb, Jr., New Orleans, La., for plaintiff.

Parnell J. Hyland, William A. Porteous, Jr., William A. Porteous, III, Porteous & Johnson, New Orleans, La., and Harrison G. Ball, General Electric Co., New York City, for third-party defendants, General Electric Co. and Electric Mutual Liability Ins. Co., and intervenor, Electric Mutual Liability Ins. Co.

Carl J. Schumacher, Jr., Lemle & Kelleher, New Orleans, La., for C. F. Braun & Co., third-party defendant.

John V. Baus, Charles W. Lane, III, John J. Weigel, A. J. Waechter, Jr., Jones, Walker, Waechter, Poitevant, Carrere & Denegre, New Orleans, La., for Freeport Nickel Co. and Liberty Mutual Ins. Co., defendants and third-party plaintiffs.

FRANK B. ELLIS, District Judge.

This cause came on for hearing on a former day on motions of Intervenor, Electric Mutual Liability Insurance Co., and third-party defendants, General Electric Co. and Electric Mutual Liability Ins. Co., for judgment in favor of Intervenor, for judgment notwithstanding the verdict, and for a new trial. After having heard the arguments of counsel and studied the briefs submitted, the Court is now ready to rule.

It is ordered that the motions of Intervenor, Electric Mutual Liability Ins. Co., and third-party defendants, General Electric Co. and Electric Mutual Liability Ins. Co., for judgment in favor of Intervenor, for judgment notwithstanding the verdict, and for a new trial, be, and the same are hereby denied.

## REASONS

Jury answers to the interrogatories indicate that indemnity-over against third-party defendants can be supported on theories of both tort indemnity and contract indemnity.

■ Tort indemnity stems from Appalachian Corp. v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (1922) wherein the injured watchman sued the owner of the premises for failure to provide a safe place to work, and the defendant in turn sued the party in possession of the premises for indemnity alleging that the possessor had created the dangerous condition causing the personal injuries. The building's owner was held "passively" negligent and only technically at fault as owner of the premises; the possessor was considered "actively" negligent for having created the dangerous condition and held liable for tort indemnity to the owner. The situation here is analogous. This court charged the jury on the "active-passive" negligence doctrine, quoting from the Appalachian case, and the jury found both Freeport and General Electric negligent, but further found that Freeport's negligence was "passive" while General Electric was "actively" negligent. Those .findings are valid in law under the Appalachian doctrine if supported by the evidence.

Evidence was adduced that General Electric's foreman, Mr. Harrison, failed to follow safety rules and determine whether the station was de-energized before proceeding with the repair work. This is clearly evidence to support a finding that General Electric was "actively" negligent. On the other hand, as owner of the premises, Freeport was at least technically at fault for failing to provide a safe place to work, amounting to "passive" negligence. There existed a conflict in the evidence as to what Freeport's employees had said to General Electric's employees, if anything, in regards the power being turned on or off. Compare, for instance, Tr. p. 217 with Tr. p. 227. By finding Freeport only "passively" negligent it must be ·presumed that the jury determined those factual issues in favor of Freeport. Hence, Freeport having been found only technically at fault, the Appalachian case controls. Stewart v. Roosevelt Hotel, Inc., La.App., 170 So.2d 681 (4 Cir. 1965).

■ Contract indemnity arises from the equipment sale contract and the agreement wherein General Electric consented to repair or replace the electrical switching unit at Freeport's request. Plaintiff, an employee of General Electric, was injured while effecting that work and thus prevented from suing his employer in tort by statute. LSA–Rev. Stat. 23:1032. Instead he sued Freeport and proved it was negligent, bringing into focus the breach of warranty issues. The jury found that General Electric had agreed to perform the repairs in a workmanlike manner, had breached that warranty, and proximately caused the accident. The issues were properly before the jury and there is evidence to support their findings.

Contract indemnity is recognized in situations legally-like the longshoreman-ship-stevedore arrangement of Ryan Stevedoring Co. v. Pan-Atlantic Steamship Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). Plaintiff is denied recovery unless the vessel owner is held liable, and even then the question of indemnity is not automatic. It occasionally occurs that indemnity is denied on grounds that no duty, owed to the vessel owner, was breached. See Auld v. Globe Indemnity Co., 220 F.Supp. 96, 98–99 (W.D.La.1963). Here, however, General Electric warranted a "workmanlike" job. The fact finder must then determine whether there has been a breach of warranty proximately causing the injuries. Here Freeport was found to be liable in a manner factually similar to a vessel owner's liability, and the jury concluded that General Electric's breach of warranty proximately caused the injuries. Contract indemnity is founded on that basis. American Employers Ins. Co. v. Gulf States Utilities Co., La.App. 4 So. 2d 628 (1 Cir. 1941).

The cases of Yale & Towne Mfg. Co. v. J. Ray McDermott Co., 347 F.2d 371 (5 Cir. 1965); Sanderson v. Binnings Constr. Co., La.App., 172 So.2d 721 (4 Cir. 1965); and Auld v. Globe Indemnity Co., 220 F.Supp. 96 (W.D.La.1963) are factually distinguishable since they all involved situations where no legal duty was owed by the Third-party defendants (McDermott, Boeing and Ludlow, respectively) to the Third-party plaintiffs (Yale & Towne, Binnings, and Egan and Perfecting, respectively). General Electric owed Freeport a duty of workmanlike service.

Smith v. Southern Farm Bureau Cas. Co., 247 La. 695, 174 So.2d 122 (1965), and the "final theory" discussed in the Auld case (220 F.Supp. at pp. 99–101) concerned contribution. The jury having properly found Freeport entitled to indemnity from General Electric the question of contribution under LSA–C.C. Art. 2103 is irrelevant.