SAVOY, Judge.
This is a suit for indemnity by Travelers Insurance Company, as insurer of Hixson Funeral Home, wherein it seeks to recover the amount which it paid pursuant to a final judgment in the case of Frederick v. J. E. Hixson & Sons, (La.App., 3 Cir., 1964), 159 So.2d 599.
In the Frederick case, supra, plaintiff suffered injuries while conducting a funeral service. He was injured at the grave site when he fell over some tombs that had been covered by artificial grass. The grave site had been prepared by Dixie Vault Works under the terms of a verbal contract with J. E. Hixson & Sons. After a trial in the district court, judgment was rendered in favor of plaintiff, Frederick, and against Dixie and Hixson in solido. On appeal, this Court affirmed the judgment of the trial court. 159 So.2d 599. No application for rehearing having been filed by either defendant or by plaintiff within the time prescribed, the judgment became final.
Plaintiff in the instant case paid Frederick the portion of the judgment owed by it to him in Frederick v. J. E. Hixson & Sons, supra. This payment was made with full reservation of any right which it might have against James B. Byerly, d/b/a Dixie Vault Works, and his insurer, defendant, Hardware Mutual Casualty Company.
Plaintiff states that in the original suit mentioned herein the district court found that the employees of Dixie Vault were negligent in covering the tombstone with the grass mat, thus creating a hazardous condition; that shortly before the accident complained of in the original suit, Hixson had contracted with Dixie for the purchase of a vault to be installed in the Roberts Cove Cemetery in connection with a funeral at which Frederick was to officiate and at which he was subsequently injured; that as an additional consideration of the sale and installation of the vault, Dixie agreed to undertake the erection of the tent, placing of the chairs, and the placing of the artificial mat in the immediate vicinity of the grave.
Plaintiff states further that Dixie breached its contract with Hixson by negligently covering the tomb with the artificial gra'ss; that alternatively, plaintiff is entitled to be indemnified by Byerly or his insurer because of the primary or active-negligence in *187 "the premises which was the proximate cause of the loss, while the liability of Hixson -was technical or secondary.
Defendants filed a general denial and re-conventional demand for the sum which defendant, Hardware Mutual Casualty Company, had paid as its portion of the Frederick judgment.
After a trial on the merits, the district judge rejected the demands of both parties. Plaintiff appealed to this Court.
In this Court, counsel for plaintiff contends that it is entitled to recover against Byerly’s insurer because:
“1. Byerly failed to perform the work which it had contracted to do in a workmanlike manner and as a result, Hixson .and its insurer have been damaged. C.C. Articles 1930, 2769.
“2. Hixson was held liable only because of the breach of a legal duty, while Byerly was actually at fault. Stated another way, Hixson’s negligence was technical or secondary; Byerly was actually at fault.”
In connection with its first contention, ■counsel for plaintiff cites LSA-C.C. Articles 1930 and 2769, which provide as follows:
“Art. 1930. Liability for violation of contract
'“Art. 1930. The obligations of contract (contracts) extending to whatsoever is incident to such contracts, the party who violates them, is liable, as one of the incidents of his obligations, to the payment of the damages, which the other party has sustained by his default.”
* * * * * *
“Art. 2769. Contractor’s liability for noncompliance with contract
“Art. 2769. If an undertaker fails to do the -work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue'from his non-compliance with his contract.”
As to the oral contract between Dixie and Hixson, the trial judge made the following finding of fact in arriving at a decision that Dixie did not breach its contract, to-wit:
“It was the duty of Dixie under the agreement to install the ‘set-up’ and after this installation was completed Dixie’s duties were fulfilled. It was the duty of Hixson’s to conduct the funeral. As has previously been stated herein, Hixson failed in its duty to properly conduct the funeral, to inspect the premises and to warn those attending the funeral of the impending danger in the covered gravestones. Under these circumstances Dixie Vault Works is not liable for breach of contract.”
We agree with the conclusion reached by the trial judge that Dixie did not breach its contract with Hixson. The agreement by Dixie was to set up the funeral equipment which was owned by Hixson. This was an accommodation for the benefit of Hixson. The actual conducting of the funeral was the responsibility of Hixson. It was the duty of Hixson or its agent who was conducting the funeral to check the premises for any possible defects in the installation.
We likewise find the alternative contention advanced by plaintiff to be without merit. We agree with the trial judge that both the employees of Dixie and Hixson were equally at fault in connection with the accident of Frederick. The cases cited by counsel on this point, namely, Appalachian Corporation v. Brooklyn Cooperate Company, 151 La. 41, 91 So. 539, and Lincoln v. Appalachian Corporation of Louisiana, 146 La. 23, 83 So. 364, are not applicable because they are distinguishable from the instant case. The facts in those cases are different from those in the instant case.
The rule of law set forth in the above cases is not applicable where both parties *188 are actually at fault. See United Gas Corporation v. Guillory, (5 Cir., 1953), 206 F.2d 49, wherein the court held:
“ * * * In Louisiana, indemnity is restricted to cases where the actual fault is attributed to one of the parties and the other is only technically or constructively at fault. It is never applicable where both parties are actually in the wrong. Appalachian Corporation v. Brooklyn Cooperage Company, supra, 91 So. at page 542, 91 So. 539; Winford v. Bullock, [210 La. 301,26 So.2d 822] supra; American Employers’ Insurance Co. v. Gulf States Utilities Company, La.App., 4 So. 2d 628, 631, 632; Linkenhoger v. Owens, 5 Cir., 181 F.2d 97, 103, 104; cf. Falgout v. Younger, La.App., 192 So. 706, 711. * * *"
For the reasons assigned the judgment of the district court is affirmed at appellant’s costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.