197 So.2d 356 (1967)
Roland J. GROS and the Travelers Insurance Company
v.
STEEN PRODUCTION SERVICE, INC., Zurich Insurance Company, South Louisiana Contractors, Inc., American Fire & Casualty Company, Texas Pacific Coal and Oil Company and Employers' Liability Assurance Corp., Ltd.
No. 2566.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1967.
*357 Normann & Normann, David R. Normann, New Orleans, for defendants-appellants.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John J. Weigel, New Orleans, for third-party defendants-appellees.
Before REGAN, CHASEZ, and JANVIER, JJ.
REGAN, Judge.
The plaintiff, Roland J. Gros, and the Travelers Insurance Company, his workmen's compensation insurer,[1] filed this suit against the defendants, Steen Production Service, Inc., Zurich Insurance Company, Steen's liability insurer, and several other defendants, endeavoring to recover the sum of $250,000.00, representing damages for personal injuries which he asserts were incurred on December 23, 1963, as the result of an accident which occurred in the vicinity of Texas Pacific Oil Company's Anise Christen No. 1 oil and gas well.
It is unnecessary for the purposes of this appeal to fully elucidate upon the procedural gymnastics engaged in by the various litigants herein and their liability insurers. Suffice it to say that the defendants which are involved, Steen Production Service, Inc., Zurich Insurance Company, Steen's liability insurer, South Louisiana Contractors, Inc., American Fire and Casualty Company, South Louisiana's liability insurer, Texas Pacific Oil Company, and Travelers Insurance Company, in its other capacity as liability insurer for Texas Pacific, all denied the accusations of negligence asserted in the plaintiff's petition.
In addition thereto, Steen and its insurer, Zurich, filed a third party petition against Texas Pacific Oil Company and its insurer, Travelers, requesting indemnity from the *358 latter for any damages which it might be required to pay to the plaintiff and alternatively requested contribution predicated upon the hypothesis that Steen and Texas Pacific were joint tort-feasors.
In response to the third party petition, Texas Pacific pleaded the exception of no cause of action. It also motioned for a summary judgment in reply to the petition of the plaintiff, thereby endeavoring to establish that the plaintiff's rights against it were limited to the remedies enumerated in the Workmen's Compensation Act on the theory that plaintiff was its statutory employee in view of the rationale emanating from R.S. 23:1061.[2]
The lower court dismissed the plaintiff's petition as to this defendant, that is, Texas Pacific Oil Company. It also maintained its exception of no cause of action pleaded in response to the third party petition.
No appeal was taken from the judgment granting Texas Pacific's motion for a summary judgment. However, Steen Production Service, Inc., and its liability insurer, Zurich Insurance Company, prosecuted this appeal from the judgment of the lower court maintaining Texas Pacific's exception of no cause of action pleaded in response to Steen's third party petition.
In evaluating the validity of an exception of no cause of action, and this is the only issue posed herein for our consideration, all well pleaded allegations of fact contained in the petition of the plaintiff are considered to be true. The petition discloses that on December 23, 1963, the plaintiff, Roland J. Gros, was dispatched by his employed, Henson A. Foreman, engaged in business as Paradis Wells Service, to "cut paraffin" on a dual production oil and gas well owned and operated by Texas Pacific Oil Company. Counsel explained, at our request, that paraffin cutting is the process of removing debris and deposits from oil conduits, and is not a service used in connection with the operation of a gas well.
In any event, the plaintiff was required to drive upon what has been described as a board road, in order to reach the well on Texas Pacific's property, designated as Anise Christen No. 1. A short distance from the well, his path was temporarily obstructed by parked vehicles owned by Steen Production Service, Inc., and South Louisiana Contractors, Inc., whose employees were engaged in repairing the coils of a flow line heater. This heater is used to facilitate the production of gas and was located some distance from the well; however, pipes connect the well and the heater together. The South Louisiana and Steen employees were unable to remove the coil from its casing, and requested the assistance of the plaintiff. He loaned them a length of rope, some pullies, and exerted some physical effort in effecting the removal of the flow line heater coil from the casing. The heater coil was then reconnected *359 to the intake and discharge sides of the heater.
Thereafter, Nelson C. Perrin, an employee of Steen Production Service, attempted to test the heater coil for possible leaks by using gas pressure from the well. Perrin turned the well valve on and permitted the gas to flow therefrom into the coil, and at this moment, the discharge flow line was severed from its connection and it struck the plaintiff in the abdomen, resulting in severe injuries which, of course, form the subject matter of this litigation.
Texas and Pacific Oil Company filed a motion for summary judgment against the plaintiff, in an endeavor to establish that its only liability to him emanated from the Workmen's Compensation Statute based on the fact that he was engaged in Texas Pacific's business when the accident occurred and that it was, consequently, the statutory employer of the plaintiff, in conformity with the rationale of R.S. 23:1061. After considering several affidavits and innumerable depositions, the lower court rendered judgment in favor of Texas Pacific, wherein it decreed that the sole remedy possessed by the plaintiff against that company was defined by the Workmen's Compensation Statute. No appeal has been prosecuted from that judgment, and it has now become final and determinative of this vexatious question.
Counsel for Steen argues that the affirmation of the motion for summary judgment automatically resulted in the decision against it on the exception of no cause of action. Since no evidence may be introduced to support or controvert an exception of no cause of action,[3] it is clear that the evidence adduced in the lower court to support the motion for summary judgment may not be used in arriving at a decision on the merits of the exception of no cause of action. Nevertheless, the judgment on the motion for summary judgment is now final, and we must accept as a fact that the plaintiff was a statutory employee of Texas Pacific, and that consequently his sole remedy against Texas Pacific is defined by the rationale of the Workmen's Compensation Statute.
The third party petition filed by Steen against Texas Pacific asserts that it possesses a right to full indemnification predicated on the theory that since Texas Pacific was the owner of the equipment and property, which the plaintiff insists was defective and negligently maintained, any fault on the part of Steen was secondary and derivative only. In short, Steen requests indemnification by virtue of the rationale emanating from the case of Appalachian Corporation v. Brooklyn Cooperage Co.[4] in which the doctrine was established that one whose liability is merely derivative or secondary in fact may recover indemnity from the person who was primarily negligent.
In the Appalachian case, the plaintiffs sought full indemnity for money paid to an employee under the terms of the Workmen's Compensation Statute for injuries incurred when a defective gate fell and struck him. The plaintiff had been the owner of the building for a very short period, having purchased the property from the defendant who failed to inform it of any defect in the gate. The court concluded that the short duration of the plaintiff's ownership, while making it technically at fault, entitled it to full indemnity from the defendant, since it was the latter's act of negligence which in fact resulted in the injury to the employee.
Counsel attempts to use the rationale emanating from Williams v. Marionneaux[5] to demonstrate the applicability of the Appalachian doctrine to Steen in this case. In the Williams case, the plaintiff sued his employee to recover the amount of damages he was forced to pay to a third person *360 under Civil Code Article 2320 for the tortious conduct of his employee. The court permitted the plaintiff to recover full indemnity from the employee on the theory that the liability of an employer who is not himself at fault for his employee's conduct under Article 2320 is secondary or derivative only.
He also argues that the Williams case extends the doctrine of the Appalachian case so as to permit an employer always to recover full indemnity, and not merely contribution, from a person alleged to be jointly negligent with his employee, on the theory that the Williams case classifies the fault-free employer's liability as derivative or secondary only.
The fallacy of this argument is obvious. The Williams case merely defines the employer's right to indemnity vis-à-vis his employee. It is not, contrary to counsel's argument, authority for the proposition that an employer can obtain indemnity from a joint tort-feasor merely because his involvement in the tort stems from his vicarious liability for the acts of his employee. In short, the Williams case does not disturb the traditional right only to obtain contribution between joint tort-feasors, even when one of the tort-feasors is liable only vicariously for the acts of his employees.
Moreover, it is also clear from the facts hereof that Steen does not enjoy any derivative or secondary negligence in this case. If the equipment owned by Texas Pacific was in fact defective, the fault therefor could not be imputed to Steen, whose only obligation was to furnish pumping services for the well. Thus, if Steen is negligent, his only negligence would be the act of negligence of its employee in opening the valve at the particular moment he chose to do so. However, Steen's negligence is in no way derivative from any negligence of which Texas Pacific may be guilty, since Steen would not be liable per se for any defective condition of the equipment owned or operated by Texas Pacific Company.
Since no secondary or derivative negligence exists on the part of Steen within the contemplation of the Appalachian case, it is obvious that the Williams case creates no such liability. To reiterate, Williams merely decides that the employer enjoys derivative or secondary liability vis-à-vis the employee, but it does not decide that an employer may recover from a third person for full indemnity for damage caused jointly with his employee because he is "secondarily liable" for the acts of his employees.
The alternative assertion in Steen's third party petition against Texas Pacific is that Steen is entitled to contribution predicated upon the hypothesis that it and Texas Pacific are joint tort-feasors. The law of this state is clear to the effect that a third party tort-feasor cannot circumvent the immunity from tort actions enjoyed by an employer and obtain contribution from him as a result of his concurrent negligence.[6] The remedy of the employee against his employer is exclusively relegated to the terms of the Compensation Statute, and a third party tort-feasor who injures the employee cannot obtain contribution from the employer and thus circumvent the statutory immunity set up between the employer and the employee.[7] Thus, since the judgment of the lower court pronounced that the plaintiff's exclusive remedy against Texas Pacific is confined to the Workmen's Compensation Statute, the effort exerted by Steen to obtain contribution for the proportionate share of any amount which it may have to pay in tort to the plaintiff is without merit.
*361 For the foregoing reasons, the judgment of the lower court maintaining Texas Pacific's exception of no cause of action against the petition filed by Steen is affirmed. In addition thereto, the matter is remanded to the lower court for such further proceedings as the nature of the case may ultimately require, not inconsistent with the views expressed herein.
Steen Production Service, Inc., and Zurich Insurance Company are to pay all costs of this appeal. All other costs are to await a final determination hereof.
Affirmed and remanded.
NOTES
[1] The plaintiff, Gros, was an employee of Henson A. Foreman, d/b/a Paradis Well Service, and Travelers Ins. Co. was his compensation insurer. Travelers, in this capacity, is endeavoring to recover as subrogee for workmen's compensation paid to the plaintiff, Gros. For the purpose of clarity, it will be observed that Travelers is also the liability insurer of the Texas Pacific Oil Company, one of the defendants herein.
[2] R.S. 23:1061. "Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.

Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."
[3] Code of Civil Procedure Article 931.
[4] 151 La. 41, 91 So. 539 (1922).
[5] 240 La. 713, 124 So.2d 919 (1960).
[6] Sanderson v. Binnings Construction Company, 172 So.2d 721 (La.App., 1965); Hebert v. Blankenship, 187 So.2d 798 (La.App., 1966). See also Lambert v. Austin Bridge Company, 189 So.2d 752 (La.App., 1966).
[7] Ibid.