228 So.2d 555 (1969)
Sammy BAGWELL, Plaintiff-Appellee,
v.
SOUTH LOUISIANA ELECTRIC CO-OPERATIVE ASSOCIATION et al., Defendants-Third-Party Plaintiffs-Appellants,
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY, Intervenor-Third-Party Defendant-Appellee.
No. 2837.
Court of Appeal of Louisiana, Third Circuit.
November 25, 1969.
Rehearing Denied December 18, 1969.
Peter H. Beer, New Orleans, for defendant-third party plaintiffs-appellants.
Jack C. Caldwell, Franklin, for third-party defendant-appellee.
William D. Hunter, Morgan City, for plaintiff-appellee.
*556 Before TATE, HOOD, and CULPEPPER, JJ.
HOOD, Judge.
This is a damage suit instituted by Sammy Bagwell against South Louisiana Electric Co-Operative Association ("Electric Co-op") and its insurer, Employers Mutual Insurance Company of Wassau. Plaintiff seeks to recover damages for personal injuries which he sustained when he came in contact with an electric power line owned by defendant, Electric Co-op. At the time the accident occurred, plaintiff was employed by South Central Bell Telephone Company ("Telephone Company"), and that company has been paying the weekly benefits due under the Louisiana Workmen's Compensation Act to plaintiff since the date of his injury. Telephone Company intervened seeking to recover from Electric Co-op the amount of workmen's compensation benefits it will have paid to plaintiff.
Electric Co-op and its insurer filed a third-party demand against Telephone Company praying for indemnity in the event it should be cast in damages to plaintiff. Telephone Company thereupon filed a motion for summary judgment praying for dismissal of the third-party demand. After a hearing, judgment was rendered by the trial court in favor of Telephone Company, rejecting the third-party demands of Electric Co-op and its insurer and dismissing its third-party petition. The third-party plaintiffs, Electric Co-op and its insurer, have appealed from that judgment.
The sole issue presented on this appeal is whether the trial judge erred in rendering a summary judgment dismissing the third-party action which was instituted against Telephone Company.
The accident which resulted in plaintiff's injuries occurred on November 30, 1967. Bagwell was employed as a telephone installer by Telephone Company at that time. In the course of his employment, he climbed a "spot pole" for the purpose of bringing telephone service to a customer, and when he reached a point about three-fourths of the way to the top of that pole, his head came in contact with a high-voltage electric wire which was owned by Electric Co-op. The electrical shock which he received when that contact was made caused him to sustain serious injuries.
This accident occurred near the "Levee Road," about five miles north of the City of Morgan City, Louisiana. Electric Co-op owned and maintained a 7,620 volt electric line running north and south along that road, and Telephone Company owned and maintained a telephone line which ran along the same route. Both of these companies previously had entered into a "General Agreement for Joint Use of Wood Poles," and that agreement was in effect at the time of the accident. It provided that for a stipulated rental charge the wood poles owned by either party may also be used by the other to support its wires or cables. According to the agreement, the parties periodically were to tabulate the number of joint poles in use, and they then were to compute and adjust the pole rentals which each owed the other. Electric Co-op owned several wood poles near the place where the accident occurred, and these poles were used to support its electric line. Telephone Company, pursuant to the Joint Use Agreement, was also using some of the poles owned by Electric Co-op in that vicinity.
Shortly before this accident occurred, Telephone Company erected a "spot pole," about mid-way between two of Electric Co-op's joint use poles and about twelve feet east of, or away from, the latter's main electric line. This spot pole was to be used solely by Telephone Company in providing telephone service to a customer whose place of business was located very near it. A telephone line or cable extended from this spot pole to a point on one of the nearby joint use poles where it connected with the main telephone line. This spot pole was never intended to be used as a joint use pole, and it, in fact, was not *557 used at all by Electric Co-op. Plaintiff was climbing this spot pole when the accident occurred.
All of the above-stated facts are shown in the record, and we find that there is no genuine dispute as to any of them.
Bagwell alleges that Electric Co-op had allowed two adjoining power poles to tilt, thereby causing a power line to sag over the area in which he was working. He bases his demand for damages on allegations that Electric Co-op was negligent in the following particulars:
A. In failing to warn the plaintiff of the dangerous condition caused by the sagging power line.
B. In violating the laws of the State of Louisiana.
C. In violating the safety rules set forth in the National Electric Code.
D. In failing to properly insulate its electrical wires when it knew or should have known that others would go to work near said uninsulated wires.
E. In failing to correct a known hazard.
F. In failing to keep its electrical line in a proper state of repair.
Electric Co-op, in its third-party demand, seeks full indemnification from Telephone Company for the damages which the Co-op may be condemned to pay. It bases its demands for indemnification on two alternate contentions: (1) That the Telephone Company is the party to whom fault is attributable, whereas Electric Co-op is, at most, guilty of only technical or constructive fault; and (2) that Telephone Company has breached its obligations under the "General Agreement for a Joint Use of Wood Poles," in that it failed to use due care and failed to perform its duties in a workmanlike manner, and that under those circumstances there exists an implied obligation to indemnify Electric Co-op for any resulting loss or damage it may sustain.
Telephone Company, in its motion for summary judgment, contends that Electric Co-op is not entitled to indemnity under either of the two legal theories on which its claim is based, and that the third-party action instituted by Electric Co-op thus should be summarily dismissed. The argument of Telephone Company basically is that its liability is limited to that provided by the Louisiana Workmen's Compensation Act, since it was the statutory employer of Bagwell at the time the injuries were sustained, and that it thus is immune from claims by tort-feasors for contribution or indemnity. Telephone Company also contends that it did not obligate itself under the contract to indemnify Electric Co-op for any damages.
The trial judge concluded: (1) That no issue is raised in the pleadings as to whether Electric Co-op was vicariously liable, the only question presented being whether that defendant was actively negligent, and that there thus is no basis for its claim for indemnity on the ground that it, at most, was only vicariously liable; (2) that, in any event, Telephone Company cannot be compelled to indemnify Electric Co-op, under the "tort-indemnity" theory, since it was the employer of Bagwell at the time of the accident and is insulated from any such tort liability by LSA R.S. 23:1032; and (3) that the agreement which the parties had entered into relating to the joint use of poles did not expressly provide that either party was to indemnify the other for damages. As we have already noted, judgment was rendered by the trial court dismissing the third-party petition filed by Electric Co-op.
We held in Hebert v. Blankenship, 187 So.2d 798 (La.App. 3 Cir. 1966), that a tort-feasor who is condemned to pay damages to an injured claimant cannot compel contribution from that claimant's employer, where the Louisiana's Workmen's Compensation Act is applicable, even though the *558 employer may also have been guilty of primary negligence proximately causing the accident. We think that is the established jurisprudence in this state. See Sanderson v. Binnings Construction Company, 172 So.2d 721 (La.App. 4 Cir. 1965); Gros v. Steen Production Service, Inc., 197 So.2d 356 (La.App. 4 Cir. 1967); Gifford v. Aurand Manufacturing Company, 207 So.2d 160 (La.App. 4 Cir. 1968); McLaughlin v. Braswell, 207 So.2d 158 (La.App. 4 Cir. 1968); 41 T.L.R. 957 et seq.; Larson, Workmen's Compensation Law, Sec. 76.21.
In the instant suit, however, Electric Co-op makes it clear that this is not a claim for contribution based on a "joint tort-feasor" concept. Instead, it demands full indemnity from Telephone Company, based on a "tort-indemnity" theory, or on an "actual versus constructive fault" theory. It contends that if Electric Co-op was negligent at all, it was guilty of only constructive or technical fault, and that it thus is "only vicariously liable as the owner of the power line." It argues that Telephone Company was guilty of actual negligence proximately causing the accident, while Electric Co-op at most was only technically at fault, and that under those circumstances Electric Co-op is entitled to full indemnity from Telephone Company.
It is true, as pointed out by Telephone Company, that plaintiff Bagwell alleges only actual fault on the part of Electric Co-op, and that there appears to be no circumstance under which Electric Co-op could be held to be only vicariously liable to plaintiff. For the purpose of this decision, however, we have decided that under the pleadings Electric Co-op may conceivably be held to be vicariously liable, and we thus address ourselves to the question of whether Electric Co-op, in the event of such a finding, would have a cause of action for indemnity against Telephone Company.
In other jurisdictions the law is not uniform as to whether the actively negligent workmen's compensation employer of an injured claimant may be compelled to indemnify a third party, who is only vicariously liable for damages to that claimant. See Larson, Sec. 76.10; American District Telegraph Co. v. Kittleson, 179 F.2d 946 (8th Cir. 1950); Slattery v. Marra Bros., Inc., 186 F.2d 134 (2 Cir. 1951); Baccile v. Halcyon Lines, 187 F.2d 403 (3 Cir. 1951); United States v. Rothschild International Steve. Co., 183 F.2d 181 (9 Cir. 1950); Weyerhaeuser S.S. Co. v. Nacirema Operating Co., 355 U.S. 563, 78 S.Ct. 438, 2 L.Ed.2d 491 (1958).
In Louisiana, the courts recognize and in some cases have applied the "tort-indemnity" theory. They have held that a party, vicariously liable for damages to an injured claimant because of mere technical fault, has the right to recover full indemnity from another tort-feasor who was guilty of actual negligence proximately causing the accident. See Appalachian Corporation v. Brooklyn Cooperate Co., 151 La. 41, 91 So. 539 (1922); Stewart v. Roosevelt Hotel, Inc., 170 So.2d 681 (La.App. 4 Cir. 1965). See also Locicero v. Freeport Nickel Company, 243 F.Supp. 828 (E.D. La., 1965); Hebert v. Blankenship, supra, and cases cited therein.
We have been referred to no Louisiana case in which the statutory employer of the injured claimant has been compelled to indemnify the third-party tort-feasor under the "tort-indemnity" theory. We have concluded that in view of the "exclusive remedy" provisions in the Louisiana Workmen's Compensation Act, a party who is compelled to pay damages to an injured claimant may not demand contribution or indemnity from the workmen's compensation employer of the claimant, even though the employer may have been actually negligent and the third-party tort-feasor only technically at fault.
The Louisiana Workmen's Compensation Act provides that the remedies therein granted to an employee "shall be exclusive of all other rights and remedies of such *559 employee * * *" LSA R.S. 23:1032. The Act further provides that when the injury has been sustained under circumstances creating in some third person "a legal liability to pay damages in respect thereto," the injured employee may proceed against the third person for damages, and the employer also may bring suit against the third-party tort-feasor or he may intervene as a party plaintiff in a suit filed by the employee to recover the compensation benefits he has paid the employee. LSA-R.S. 23:1101 and 23:1102.
The Act thus provides that the only remedy which the injured employee has against his statutory employer is for compensation benefits. He cannot maintain a tort action against his employer, and thus the employer cannot be liable with a third person for the tort damages resulting from the latter's fault or vicarious liability therefor, even though the employer's fault caused or contributed to such damages. In Hebert v. Blankenship, supra, we held that a third person cannot require contribution from an employer whose fault concurred with that of the third person in causing the damages, because under LSA R.S. 23:1032 the workmen's compensation remedy provides the exclusive liability of an employer for his employee's personal injuries sustained at work. We see no reason why the same rationale does not apply to bar a third person's claim for indemnity with regard to damages paid for an employee's personal injuries resulting from an accident occurring during the employment.
As we have noted, the Workmen's Compensation Act provides that where the circumstances impose on a third person "a legal liability to pay damages," the statutory employer of the injured claimant may recover from that third person the amount of compensation benefits he may have paid. In the instant suit, if it should be determined that Electric Co-op is liable to Bagwell for damages, even though only vicariously liable, then under the clear wording of the statute Telephone Company has the right to recover from the Co-op the compensation benefits it has paid. It would be contrary to the provisions of this Act, we think, for us to hold instead that the Electric Co-op, which is under a legal liability to pay damages, may recover full indemnity from Telephone Company, the injured claimant's employer.
In Hebert v. Blankenship, supra, we did not determine whether the employer could be compelled to indemnify the third-party tort-feasor under the "tort-indemnity" theory, because under the pleadings in that case the third party could not have been vicariously liable. We held only that the statutory employer could not be compelled to contribute to the tort-feasor. We believe, however, that the reasons assigned for invoking that rule are applicable here.
Issues similar to those being considered here were presented in Sanderson v. Binnings Construction Company, 172 So.2d 721 (La.App. 4 Cir. 1965). There, the Boeing Company was the statutory employer of the injured claimant. A third-party demand was made against that employer for indemnification on the ground that it was guilty of actual negligence, while the third-party plaintiff was only technically at fault. The Court of Appeal, Fourth Circuit, rejected the demand for indemnification, and in so doing it said:
"It is settled in this state that the rights and obligations of the employer and employee under the workmen's compensation statute arise solely out of the contract of employment. An award under the statute is not made on the theory that a tort has been committed, but on the contrary, the award is made upon the theory that the statute is read into and becomes a part of the contract of employment. Therefore, any cause of action which the injured plaintiff may have against The Boeing Company arises under contract and not under LSA-C.C. art. 2315. * * *
"The Boeing Company not being a joint tortfeasor with Binnings Construction Company, Inc., the latter and its insurer *560 have no right under any theory of law known to us to demand indemnity." (Emphasis added.)
In Slattery v. Marra Bros., Inc., supra, where a claim for indemnity against an employer was rejected, the court stated that it could find no "sure authority for saying that differences in the degrees of fault between two tortfeasors will without more strip one of them, if he is an employer, of the protection of a compensation act;" and that the court was "at a loss to see any tenable principle which can support such a result."
In Crawford v. Pope and Talbot, Inc., 206 F.2d 784 (3 Cir. 1953), the court held that the exclusionary provisions of the North Carolina Compensation Act deprived a passively negligent third party from demanding indemnity from an actively negligent employer.
Our brothers of the Fourth Circuit Court of Appeal rejected a demand for indemnity against a statutory employer in Gros v. Steen Production Service, Inc., supra. And, our attention has been directed to the fact that the author of an excellent note, 41 T.L.R. 957 at 962, has observed that in view of our decision in Hebert v. Blankenship, supra, the exclusive remedy provision of the Louisiana Workmen's Compensation Act probably will preclude tort liability (including indemnity) on the part of the statutory employer. See also Lambert v. Austin Bridge Company, 189 So.2d 752 (La.App. 1 Cir. 1966); Husted v. Consumers Power Company, 376 Mich. 41, 135 N.W.2d 370 (1965); Peak Drilling Co. v. Halliburton Oil Well Cement. Co., 215 F.2d 368 (10 Cir. 1954); Bertone v. Turco Products, 252 F.2d 726 (3 Cir. 1958).
Our conclusion is that, in the absence of a contractual relationship between the parties, a third party who is held to be legally liable in damages to an injured claimant, even though only vicariously liable, is not entitled to indemnity from the workmen's compensation employer of that claimant, even though the employer may have been actually negligent.
Electric Co-op contends, finally, that it is entitled to indemnification from Telephone Company because of a breach of several provisions of the "General Agreement for Joint Use of Wood Poles" which the parties entered into. It argues that this breach of contract creates an implied obligation on the part of Telephone Company to indemnify Electric Co-op for any damages which the latter may sustain as a result of that breach.
The joint use of poles agreement contained no express indemnity agreement. Electric Co-op argues, however, that such an agreement may be implied. It points out four specific provisions of the contract which it contends were violated by Telephone Company. The first such provision requires each party to "place guys to sustain unbalanced loads caused by its attachments," and to "execute such work promptly and in such manner as not to interfere with the service of the other party." The second provision which allegedly was violated requires each party to maintain all its attachments in accordance with certain specifications and to "keep them in safe condition." The third provides that the joint use of poles "shall at all times be in conformity with accepted modern methods." And the fourth such provision stipulates that when either party requires new pole facilities "it shall promptly notify the other party to that effect in writing."
Electric Co-op contends that the above-mentioned provisions of the contract, regarding the requirements of written notice, adequate clearance, proper maintenance, and the installation of guy wires, were violated by Telephone Company when it installed the spot pole which Bagwell was climbing at the time he was injured. It also is argued that Telephone Company owes a "warranty of workmanlike performance" under the Joint Use Agreement, even though not specifically provided in the contract, and that its failure to comply with this general warranty, as well as the *561 above-mentioned specific provisions of the contract, creates an implied obligation to indemnify Electric Co-op for any damage or loss it may sustain.
Although the "exclusive remedy" provision of the Workmen's Compensation Act relieves a statutory employer from the obligation to indemnify under the "tort-indemnity" theory, we think an obligation on the part of the employer to indemnify may be created by or may arise from a contract of indemnity entered into between the employer and the party demanding indemnification. We made that observation in Hebert v. Blankenship, supra.
In some jurisdictions a contract of indemnity is not enforceable unless it contains an express agreement to indemnify. See American Radiator & Stand. San. Corp. v. Mark Eng. Co., 230 Md. 584, 187 A.2d 864 (1963); Royal Indem. Co. v. Southern Cal. Petroleum Corp., 67 N.M. 137, 353 P.2d 358 (1960); Engel v. Bindel, 27 Wis.2d 456, 134 N.W.2d 404 (1965). In other jurisdictions it has been held that an obligation to indemnify may be implied from other provisions in the contract. See Ryan Stevedor. Co. v. Pan-Atlantic Steam. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956); Locicero v. Freeport Nickel Co., 243 F.Supp. 828 (E.D.La.1965).
We think Louisiana courts generally have rejected the "Ryan doctrine," expressed in Ryan Stevedoring Company v. Pan-Atlantic Steamship Corp., supra, and instead are committed to the view that a contract of indemnity to be enforceable must contain an express agreement to indemnify. That holding was made by our brothers of the First Circuit Court of Appeal in Arnold v. Stupp Corporation, 205 So.2d 797 (La.App. 1 Cir. 1968). And, in General Electric Co. v. Cuban American Nickel Co., 396 F.2d 89 (5 Cir. 1968), the Fifth Circuit Court of Appeal commented:
"C. Louisiana courts have not yet directly passed upon the applicability of the Ryan doctrine. Kiefer, The Right of a Third Party to Contribution or Indemnity from a Louisiana Workmen's Compensation Employer, 38 Tulane L.Rev. 536, 543 (1964). Our examination of Louisiana law, however, leads us to conclude that Louisiana courts would in similar cases refuse to imply contractual indemnity." (Emphasis added.)
In Arnold v. Stupp Corporation, supra, the injured claimant's employer, Charles Carter & Company, Inc., entered into an agreement with Stupp Corporation which provided: "Charles Carter & Company, Inc., agrees to defend, indemnify and save harmless Stupp Corporation * * * against any and all liability, damage, costs, fees and other losses of whatever nature on account of any injury to person or persons * * *." Arnold, an employee of Carter, sued Stupp for damages for personal injuries which he had sustained, and Stupp filed a third-party action against Carter for indemnification under the "contract-indemnity" theory. The reviewing court held that the third-party demand had been properly dismissed by the trial court because the words "any and all liability," used in the contract, were not sufficient to express in clear and unequivocal terms that Carter was to indemnify Stupp for damages occasioned by the sole negligence of the latter.
A contract of indemnity was enforced in Jennings v. Ralston Purina Company, 201 So.2d 168 (La.App. 2 Cir. 1967). There, the contract clearly and expressly stipulated that the injured party's employer was to indemnify the tort-feasor, Ralston, whether or not the damage resulted from Ralston's negligence. In holding that the contract of indemnity should be enforced, however, the court recognized that such an agreement must be strictly construed. The following language was used:
"Counsel for third party defendants also urgently contends that a contract of indemnity whereby one assumes indemnification against his own negligence must be strictly construed. We have no quarrel with this principle. However, it matters not how strictly we construe the indemnity *562 provision of the contract against Ralston as contractee nor how liberally we might construe the provision in favor of Efurd, the contractor, we cannot conceive of any conclusion which would detract from the clearly quoted, specifically stated and thoroughly comprehensive obligation on the part of Efurd to indemnify Ralston against any damage or injury arising out of the performance of the contract whether or not such damage resulted from Ralston's negligence." (Emphasis added.)
In Buford v. Sewerage and Water Board, 175 So. 110 (La.App.Orl.1937), the contract of indemnity provided that one Brockman "shall fully secure and protect the said Sewerage and Water Board, its legal successors and representatives, from all suits or actions of any name or description * * * for or on account of any injuries or damages received or sustained by any party or parties * * *." The Orleans Court of Appeal, in holding that this stipulation was not sufficient to entitle the Sewerage and Water Board of indemnification, said:
"There is no provision, appearing in the contract of warranty, which would justify a conclusion that the Sewerage and Water Board was granted any indemnification against the consequences of its own negligence, and it cannot be presumed that such was the intention of the parties, in the absence of a clear and specific stipulation to that effect." (Emphasis added.)
The "General Agreement for Joint Use of Wood Poles," which was entered into between Electric Co-op and Telephone Company prior to Bagwell's accident, has been filed in evidence in this case. We have reviewed it carefully and have concluded that it does not express in clear and unequivocal terms that Telephone Company must indemnify Electric Co-op for any damage or loss which the latter may sustain. We find nothing in that contract which shows or implies that the parties intended that Telephone Company was to indemnify Electric Co-op for any damages which the latter may become obligated to pay for personal injuries sustained by anyone.
Our conclusion, based on the undisputed facts in this case, is that Electric Co-op has no cause of action for indemnity against Telephone Company, under either the tort-indemnity or the contract-indemnity theories. There thus is no error in the judgment of the trial court which dismisses the third-party petition filed by Electric Co-op.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of the appeal are assigned to the third-party plaintiffs-appellants.
Affirmed.
On Application for Rehearing. En Banc. Rehearing denied.