STOULIG, Judge.
Third party plaintiffs, Lyle H. Degelos; Richard H. Degelos; Hunter I. Peterman; and their insurer, Lumbermen’s Mutual Casualty Company, have appealed a judgment maintaining an exception of no cause of action and dismissing their third party claim against Charles DeRouen.
All the litigants before us are among the defendants named in a personal injury suit filed by Elijah Washington.[1] The individ *920 ual appellants are the executive officers of the corporate employer and the appellee is the proprietor of DeRouen Electrical Company, the business concern which made the repairs to the Bobcat shortly before the accident. In their third party petition appellants seek indemnification or contribution from DeRouen in the event they are cast in judgment.
Apparently the exception of no right of action was abandoned, for no attack was leveled against the capacity of the appellants to assert a third party action. As a result the issues before us are whether the quoted allegations, deemed true for the purpose of deciding this exception, set forth a cause of action by third party plaintiffs against DeRouen:
“8
“Third party plaintiffs further aver that moments before the malfunction in question the ‘Bobcat’ at issue was serviced and/or repaired by employees of DeRouen Electrical Company which is a proprietorship owned and operated by Charles DeRouen or a corporation organized under the laws of the State of Louisiana with principal place of business in Orleans Parish at 2714 N. Galvez Street, New Orleans, La.
“9
“If the accident in question was not caused by the negligence of plaintiff himself or solely by the negligence or errors and omissions of Duhon Machinery Co. Inc. and/or Melroe Company Division of Clark Equipment Company, then third party plaintiffs aver that the accident in question was caused solely or in conjunction with the fault of Duhon and Melroe by the negligence of employees of Charles DeRouen dba DeRouen Electrical Company and/or DeRouen Electrical Company, Inc. in the following particulars: in improperly and inadequately repairing the ‘Bobcat’; in failing to complete repairs to the ‘Bobcat’; in damaging parts of the ‘Bobcat’ while repairing other parts of the ‘Bobcat’; in failing to detect defects or other potential failures in the machinery when such defects and acts of omission and commission should have been observed during the repair and/or servicing of the machine; in failing to adopt procedures which would have avoided the improper and negligent repairs, and generally in failing to exercise due care under the circumstances.

“11
“The acts and omissions attributed to Charles DeRouen dba DeRouen Electrical Company and/or DeRouen Electrical Company, Inc. constitute breach of the warranty of workmanlike performance owed to third party plaintiffs under an implied or express contract of repair which warranty is in addition to the individual acts of negligence on the part of employees of Charles DeRouen dba DeRouen Electrical Company and/or DeRouen Electrical Company, Inc. set out above and which warranty entitles third party plaintiffs to judgment of indemnity in full against Charles DeRouen dba DeRouen Electrical Company and/or DeRouen Electrical Company, Inc. should the court find that the warranty was breached.
“12
“Should it be found that third party plaintiffs are not entitled to full indemnity from any of third party defendants, it avers that the acts . of negligence and/or commissions and omissions attributed to Duhon Machinery Company, Inc.; Melroe Company Division; Charles DeRouen dba DeRouen Electrical Company; and DeRouen Electrical Inc. constitute contributing, proximate causes of the accident at issue herein and third party plaintiffs are entitled to judgment enforcing contribution among *921 joint tort feasors against those third party defendants found to be at fault.”
Appellants advance both a contract and tort theory of indemnification. They first argue DeRouen breached a legal warranty to perform the contract of repair in a workmanlike manner and under C.C. art. 2769 is liable for the damages resulting from faulty repair.[2] Article 2769 provides :
“If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
Before the liability imposed by this codal article can attach to the “undertaker”, it must be established that those claiming the damages had some contractual relationship with him and that his failure to perform breached an obligation to them to complete the work properly. The contract of repair was between Degelos Brothers Grain Corporation and DeRouen, thus the warranty of C.C. art. 2769 in this instance is limited to the corporate employer and does not extend to the individual executive officers of Degelos who are not privy to the contract. While it is possible the contractor who makes defective repairs might be required to respond in damages resulting from his poor workmanship to someone not a party to the contract, the action must be one sounding in tort.
Appellants further argue that by implication they are third party beneficiaries of the repair contract and thus entitled to indemnification. They ask us to apply the Ryan doctrine of maritime law to reach the conclusion that there is an implied indemnification agreement from DeRouen to them as executive officers. This theory of law originated in Ryan Stevedor. Co. v. Pan-Atlantic Steam. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956), where a longshoreman, injured while loading a vessel, brought a successful third party action against the vessel, and the vessel owner was allowed indemnification against his employer. The theory upon which the shipowner recovered was that the stevedor-ing company in entering into a contract to stow cargo aboard the ship impliedly warranted the work would be done properly and its failure to do so was by implication a breach of contract.
While the applicability of the Ryan doctrine has not been directly tested in Louisiana courts,[3] the tenor of the jurisprudence [4] indicates a doctrine of indemnification by implication will be rejected for want of compliance with the requirement that indemnification must be expressly agreed to in the contract to be enforceable. The case before us is not a Ryan situation. In Ryan there was a contractual relationship between the stevedor-ing company and the shipowner, and the indemnification agreement was found by the Supreme Court to flow from the contractor’s implied obligation to safely stow cargo aboard the vessel. Thus the indemnification by implication was simply an ex7 tension of the contract between the parties. However, in this case, there is no contractual relationship between the executive officers of Degelos Brothers and DeRouen to be extended by implication.
The tort theory of indemnity advanced by appellants is based on the holding of Appalachian Corporation v. Brooklyn Cooperage Co., 151 La. 41, 91 So. 539 (1922). The ratio decidendi is that while there can be no claim for indemnity between joint tort-feasors as a general rule, *922 indemnity may be had by the party who is only technically negligent against his co-defendant whose active negligence is primarily responsible for the damage which cast them in judgment. The right to indemnity in this situation is limited only to the defendant vicariously or derivatively liable. In Hebert v. Blankenship, supra, the court pointed out:
“As the doctrine exists in Louisiana, the right to indemnity from the person primarily negligent exists only in favor of one who is vicariously liable for the damages caused because of merely technical or constructive fault. Appalachian Corp. v. Brooklyn Cooperage Co., cited above; Stewart v. Roosevelt Hotel, La. App. 4 Cir., 170 So.2d 681; American Employers Insurance Co. v. Gulf States U. Co., La.App. 1 Cir., 4 So.2d 628. See also Williams v. Marionneaux, 240 La. 713, 124 So.2d 919. The right to indemnity does not exist in favor of a joint tortfeasor whose act or failure in the performance of a duty was a contributory cause of the accident, and there is no right to indemnity where the liability of the one seeking it cannot be regarded as secondary, vicarious, or derivative. Lee v. City of Baton Rouge, 243 La. 850, 147 So.2d 868; Second Church of Christ Scientist v. Spencer, 230 La. 432, 88 So. 2d 810, discussed at 17 La.L.Rev. 348, 350 (1957) ; Travelers Insurance Co. v. Hardware Mutual Cas. Co., La.App. 3 Cir., 186 So.2d 185 (rendered April 27, 1966).” 187 So.2d at 803.
The original petition alleges appellants were guilty of active negligence in knowingly providing plaintiff with machinery that was unsafe and defective. Furthermore, appellants as executive officers are not exposed to personal liability on theories of technical or vicarious negligence. In Canter v. Koehring Company, La., 283 So.2d 716, 721, the Court said:
"With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiffs damages. If the defendant’s general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its nonperformance or mal-performance and has nevertheless failed to cure the risk of harm.”
Thus the tort theory of indemnity would not apply in this case because appellants’ exposure is limited to a finding of active negligence.
In passing we note that counsel for appellee points out in his brief that the issue of appellants’ right to contribution was not argued before the trial judge. As a result we feel his attention was not directed to this aspect of the third party pleading and in all probability when passing on the merits of the exceptions he did not address his consideration to that segment of the relief sought by third party plaintiffs. However since his judgment dismissed the entire third party petition against appellee, we are required to review its correctness as it relates to the dismissal of the plea of contribution.
The third party petition does set forth a cause of action for contribution. I f the alleged defective repairs and some act of omission of appellants are found to be concurrent proximate causes of the accident, this would render the executive officers and the repairman solidarily liable, which would entitle third party plaintiffs to contribution from DeRouen as a joint tort-feasor. Bolin v. Hartford Accident & Indemnity Company, 204 So.2d 49 (La. App. 2d Cir. 1967) ; C.C. art. 2103.
*923 For the reasons assigned, the judgment maintaining the exception of no cause of action is affirmed to the extent that it dismisses the third party claim for indemnification and is reversed insofar as it dismisses the claim for contribution. This matter is remanded to the trial court for further proceedings consistent with the views herein expressed. Assessment of cost is to await the final determination of this cause on the merits.
Affirmed in part; reversed in part; and remanded.
BOUT ALL, J., concurs in part with written reasons.

. Washington allegedly suffered severe brain and central nervous system damages from injuries lie incurred while driving a malfunctioning “Bobcat” loader (an electric tractor-type device) on his job with Degelos Brothers Grain Corporation.

. This same argument was rejected in Hebert v. Blankenship, 187 So.2d 798 (La.App.3d Cir. 1966).

. General Electric Co. v. Cuban American Nickel Co., 396 F.2d 89 (5th Cir. 1968).

.Bagwell v. South Louisiana Electric Co-op. Ass’n, 228 So.2d 555 (La.App.3d Cir. 1969), and cases cited in this opinion.